THE HOME SAVINGS BANK, *Plaintiff in Error*, v. TRAUBE.

**Bank Officer's Bond** : ADDITIONAL EMPLOYMENT : SURETIES' LIABILITY. The fact that the bookkeeper of a bank performs the duties of teller also, will not relieve the sureties in his bond given for the faithful performance of his duties as bookkeeper, from liability for errors committed by him in that capacity, unless the errors were in some way connected with some improper act on his part as teller, or were superinduced by his employment as such.

*Error to St. Louis Court of Appeals.*

REVERSED.

*Everett W. Pattison* for plaintiff in error cited *Rochester B'k v. Elwood,* 21 N. Y. 88; *Thompson v. Roberts,* 17 Ir. C. L. 490; 2 Story Contracts, (5 Ed.) § 1122; *Engler v. Ins. Co.,* 46 Md. 333; *Blair v. Ins. Co.,* 10 Mo. 566; *Gaussen v. U. S.,* 97 U. S. 590; *U. S. v. McCartney,* 26 Int. Rev. Rec. 28; *Skillett v. Fletcher,* 12 Jur. (N. S.) 295; 35 L. J. C. P. 154; 36 L. J. C. P. 206; *Harrison v. Seymour,* 12 Jur. (N. S.) 924; 35 L. J. C. P. 264.

*Broadhead, Slayback & Haeussler* for defendant in error, cited *Miller v. Stewart,* 9 Wheat. 680; *Bonar v. McDonald,* 3 H. L. Cas. 226; *Allison v. Bank,* 6 Rand. 204; *Blair v. Ins. Co.,* 10 Mo. 560; *Nolley v. Callaway Co. Ct.,* 11 Mo. 463; *State v. Boon,* 44 Mo. 262; *State v. Sandusky,* 46 Mo. 381; *Orrick v. Vahey,* 49 Mo. 431; *City v. Sickles,* 52 Mo. 122; Story's Eq. Jur., § 324; Fell on Guar. and Sur., 191; Pitman on Prin. and Sur., 208; *Bowmaker v. Moore,* 7 Price 231; *Dedham B'k v. Chickering,* 4 Pick. 314; *White v. East Saginaw,* 43 Mich. 567; *Bank v. Burns,* 46 N. Y. 170; *Mayhew v. Boyd,* 5 Md. 102; *Rathbone v. Warren,* 10 John. 586; *Bellairs v. Ebsworth,* 3 Camp. 53; *Strange v. Lee,* 3 East 484; *Simpson v. Cooke,* 8 Moore 588; *Weston v. Barton,* 4 Taunt. 673; 1 Bing. 452; De Colyar Guar. and Sur., 360, 433; *Watts v. Shuttleworth,* 7 H. & N. 353; *Railton v. Mathews,* 10 Cl. & F. 934; *Whitcher v. Hall,* 8 Dowl. & Ry. 27; *Archer v. Hale,* 4 Bing. 468; *Eyre v. Bastrop,* 3 Madd. Ch. 122; *Smith v. U. S.,* 2 Wall. 233; *McMicken v. Webb,* 6 How. 296; *Leggett v. Humphreys,* 21 How. 76; *U. S. v. Boyd,* 15 Pet. 208; *Kellogg v. Stockton,* 29 Pa. St. 460; *Hibbs v. Rue,* 4 Barr 351; *Tull v. Serrill,* 1 W. N. C. 373; *Manufacturer's, etc., v. O. F. Hall Ass'n,* 48 Pa. St. 446; 2 Am. Lead. Cas., (5 Ed.) 390, 464; Burge on Suretyship, 214; Parsons on Bills, 574; 1 Greenleaf Ev., (10 Ed.) § 567, 564; *Franklin*

*Bank v. Cooper*, 36 Me. 179; *Evans v. Bremridge*, 2 K. & J: 174; *Pidcock v. Bishop*, 3 B. & C. 605; Hurlstone on Bonds, (7 Law Lib.) 58, 59; *Farrar v. U. S.*, 5 Pet. 389; *Brockett v. Brockett*, 2 How. 238; *Franklin B'k v. Steward*, 37 Me. 542.

HOUGH, J.—This is an action against E. Traube and R. Bircher, as sureties in a bond given to the plaintiff by one Emil G. Rodel, for the faithful performance of his duties as bookkeeper for plaintiff. Certain questions of practice were discussed in the argument of the cause, but the conclusion which we have reached on the merits of the case, renders it unnecessary to say anything in regard to them.

The following extract from the referee's report presents the facts by reason whereof the defendants claim that they are discharged from all liability as sureties for Rodel:

"I find from the evidence offered in this case, that the plaintiff appointed Rodel as its bookkeeper on the 5th day of June, 1867, and that the bond in suit was given to plaintiff July 22nd, 1867, and that plaintiff did not employ said Rodel on the recommendation of defendants, or at their request. I find that the defendants were, each of them, acquainted with the duties and services ordinarily required of and imposed upon the bookkeeper of a bank, and that during the whole period of Rodel's service with plaintiff, the defendants had no information or notice that he was employed in any capacity by plaintiff, except as its bookkeeper. I find that during the time of the alleged breaches of the bond by Rodel, the plaintiff employed and used him as teller, in which capacity he received and paid out moneys of the plaintiff. I find that the ordinary duties of the bookkeeper of a bank do not require him to handle or have charge of any money, and that the ordinary duties of a teller of a bank require him to handle all the money —in other words, that as bookkeeper, Rodel handled no money of plaintiff, while as teller he handled it all; and that as teller, he was afforded opportunities and exposed to

temptations to take and appropriate to himself the moneys of plaintiff, which were not afforded him as bookkeeper; but that his latter employment did afford him facilities for hiding his defalcations, as teller, by false entries in the books. I find, also, that the duties of a bank's teller are much more responsible, and a larger bond is required of him than in case of the bookkeeper. The losses sustained by the plaintiff by reason of the errors and misconduct of Rodel, consist of losses by his act as bookkeeper; and losses by his act as bookkeeper and teller."

The losses which the plaintiff suffered by reason of Rodel's misconduct as bookkeeper, and on account of which judgment was rendered for the plaintiff by the circuit court, resulted from his failure to enter upon the books by which plaintiff settled with its customers, divers sums of money properly paid out by him as teller and duly entered on the teller's books, whereby the bank paid said sums a second time.

The defendants contend that the plaintiff, by causing Rodel to assume the duties of teller in addition to his duties as bookkeeper, increased the risk of the sureties without their knowledge or consent, and that they are thereby discharged from all liability on his bond. The general rule in regard to the liability of sureties, is well settled and has been repeatedly announced by this court. In the *State v. Sandusky*, 46 Mo. 381, it was said: "The liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation, he is bound, and no further." The same rule is asserted in other cases. *Blair v. Perpetual Ins. Co.*, 10 Mo. 560; *Nolley v. Callaway Co.*, 11 Mo. 463; *State v. Boon*, 44 Mo. 262; *Orrick v. Vahey*, 49 Mo. 431; *City of St. Louis v. Sickles*, 52 Mo. 122.

But we do not think that any of the cases cited sustain the position that if Rodel had honestly and faithfully discharged all of his duties as teller, but had fraudulently

or negligently omitted to make entries in the books of the bank which it was his duty as bookkeeper to make, whereby loss resulted to the bank, the sureties would not be liable for such loss. If the sureties would be liable in such case, and we cannot see why they should not be, it is plain that the simple employment of Rodel as teller would not of itself discharge him. If the bank, by requiring new and additional duties of Rodel, or by any other action on its part, prevented the proper discharge of his duties as bookkeeper, we do not think the sureties would be bound for any dereliction or default thus occasioned. It is clear that the sureties could not be held for any defalcations of Rodel as teller, and it may be they should not be held liable for any false entries made by him in order to conceal such defalcations, as they might be regarded as having been indirectly occasioned by the action of the bank in appointing him teller. But where the omission of Rodel to perform his duty as bookkeeper is wholly disconnected from any improper act on his part as teller, and was not superinduced by his appointment as teller, we do not see why the sureties should not be held liable therefor. The losses for which the defendants were held liable resulted from omissions of this character. The general principle which we think applicable to the case at bar, is announced in *Skillett v. Fletcher*, Law Rep. vol. 2, C. P. 469, decided in 1867. It was there held that where the office held by the principal is altered by the addition of new duties, the surety is discharged, but when the principal is appointed to a new office, the surety is not thereby discharged. The judgment of the court of appeals will be reversed, and that of the circuit court affirmed. The other judges concur.