THE STATE OF MISSOURI *ex rel.* JOHN DRACH, Public Administrator, etc., Respondent, v. THOMAS CHEANEY *et al.*, Appellants.

Kansas City Court of Appeals, January 2, 1893.

**Principal and Surety: OFFICIAL BOND: ADDITION OF NEW OFFICE.** C. qualified and gave bond as public administrator in January, 1885. In March thereafter the legislature created the office of public guardian and curator, and imposed its duties on the public administrator. *Held*, his sureties must be held for his default in so far as concerns his maladministration of his duties of public administrator, properly so called, but they cannot be held on account of any default in the performance of the duties pertaining to the office of public guardian and curator.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Calvird & Lewis*, for appellant.

The act of the general assembly (Session Acts, 1885, page 28) enlarged the powers, duties and obligations of Thomas A. Cheaney as public administrator of Henry county; and said act being passed subsequent to the execution of the bond herein sued on these sureties become released. *State ex rel. v. Roberts*, 68 Mo. 234; *McCurdy v. Brown & Gibson*, 8 Mo. 551; *Blair v. Ins. Co.*, 10 Mo. 566; *Brown v. Sneed*, 77 Tex. 471; *Mumford v. Railroad*, 2 B. J. Lea (Tenn.) 393; *Sage v. Strong*, 40 Wis. 575; *City of Harrisonville v. Porter*, 76 Mo. 358; *Ex parte James*, 59 Mo. 280. A surety is a favorite in law, and is not chargeable beyond the strict terms of his engagement. 1 Brandt on Suretyship

& Guaranty [2 Ed.] sec. 93; *Bauer v. Cabanne*, 105 Mo. 110; *State ex rel. v. Kurtzeborn*, 78 Mo. 98; *Bank v. Hunt*, 72 Mo. 597; *State ex rel. v. Dailey*, 4 Mo. App. 172; *Cranor v. Reardon*, 39 Mo. App. 306; *Bank v. Traube*, 75 Mo. 199.

*C. C. Dickinson* and *J. D. Lindsay*, for respondent.

It is not sought in this action to hold Cheaney's sureties liable for any default on his part as to any of the new duties imposed upon him; and the fact that the legislative act of 1885 made him *ex-officio* public guardian and curator, and cast upon him the new duty of the charge of the estates of minors in certain cases, does not affect the liability of his sureties for defaults by him as to his old duties; for his duties, as to the estates of deceased persons, were not changed by the act referred to. *Gaussen v. United States*, 97 U. S. 584; *Bank v. Traube*, 75 Mo. 199; *McCartney v. United States*, 10 Cent. Law Jour. (Mass.) 113; *People v. Vilas*, 36 N. Y. 459; 93 Am. Dec. 520; *Strawbridge v. Railroad*, 14 Md. 360; 74 Am. Dec. 541; *White v. Fox*, 22 Me. 341; *Marney v. State*, 13 Mo. 7; *Dawson v. State*, 38 Oh. St. 1; *Mayor v. Kelly*, 98 N. Y. 467; 9 Am. & Eng. Corp. Cases, p. 303, and note; *Bank v. Elwood*, 21 N. Y. 88; *King v. Nichols*, 16 Oh. St. 80; *Board of Supervisors v. Clark*, 92 N. Y. 391; 2 Am. & Eng. Corp. Cases, p. 405; *Bank v. Zeigler*, Mich. S. C.; 1 Am. & Eng. Corp. Cases, p. 332; *Orman v. City of Pueblo*, 7 Am. & Eng. Corp. Cases (Col.) p. 140, and note; *Lionberger v. Krieger*, 88 Mo. 160; 2 American & English Encyclopedia of Law, 466.

GILL, J.—In January, 1885, defendant Cheaney qualified as public administrator of Henry county—an office to which he was chosen at the preceding fall

election.   The other defendants were sureties on his official bond.   The plaintiff Drach succeeded Cheaney as public administrator in January, 1889.   This suit was brought on Cheaney's official bond to recover a sum of money for which he failed to account in the administration of the estate of a deceased person, and which he had charge of during his term of office.   The sureties defend on the alleged ground that the legislature in 1885, and after the execution of the bond sued on, made the public administrator *ex-officio public guardian and curator*, and thereby added to the office the care and charge of the estates of minors in addition to those of deceased persons, and that the sureties were thereby released.   At the time the bond was executed (January, 1885) the duties of the public administrator were confined to the care and control of the estates of deceased persons.   Subsequently (in March, 1885) the office of public guardian and curator was created by the legislature, and the duties thereof were imposed on the public administrator.   Acts, 1885, p. 27.

The matter for decision here is, whether the addition of such new duties to the position then held by Cheaney should discharge these defendants as sureties on his bond.   The trial court held the point against the defendants, and they have appealed.

After a careful consideration of the great number and bewildering variety of adjudicated cases on this subject—those cited by industrious counsel and others found in the books—we are convinced of the correctness of the ruling of the lower court, and shall affirm its judgment.

Omitting for the present any reference to decided cases in Missouri (which we must say are in some confusion), and we find it announced by a number of the best courts in the land, that duties imposed upon an officer, different in their nature from those which he

was required to perform at the time his official bond was executed, do not render it void as an undertaking for the faithful performance of those duties which he at first assumed. The bond will still remain a binding obligation for what it was originally given to secure. *Gaussen v. United States*, 97 U. S. 584; *Board of Supervisors v. Clark*, 92 N. Y. 391; *Mayor, etc., v. Kelly*, 98 N. Y. 467; cases cited in note in 9 Am. & Eng. Corp. Cases, 309, 310; *Skillett v. Fletcher*, 2 Eng. Law Reports, C. P., p. 469.

The English case last cited we find approved in *Home Savings Bank v. Traube*, 75 Mo. 199. In this *Skillett case*, the point was this: A was appointed to the office known as collector of sewer rates, and for the faithful performance of the duties gave the bond in suit. Subsequently the office of collector of main drainage rates was created by act of parliament, and the duties thereof imposed on the office held by A; and the defense there, as here, was, that this imposition of new and additional duties on the officer had the effect to discharge the sureties on his official bond given for the faithful performance of the original duties. The English court held otherwise and decided that, though the bond covering the duties of the original office would not apply to the officer's conduct as to the new duties, yet because thereof the bond did not become void as to the duties first imposed, and the sureties continued liable therefor.

These and other authorities that might be referred to hold, "that the sureties are not discharged by the imposition of new duties which are distinct and separable from those protected by the guaranty, unless such new employment renders impossible or materially hinders or impedes the proper and just performance of the duties guaranteed. Where the new employment is separate and distinct, and in no respect essentially

interferes with the duty covered by the bond, the imposition of such added duties is wholly a matter between the employer and employe, with which the sureties have no concern. For misconduct as to the new employment the bondsmen are in no manner responsible, and they have no right to complain so long as the added and separable duties do not prevent the proper performance of those guaranteed." *Mayor v. Kelley*, *supra*.

The case of *Home Savings Bank v. Traube*, 75 Mo. 199, is quite in point. There the plaintiff bank sued defendants as sureties on the bond of Rodel, employed in the first instance as bookkeeper, and the bond was made to secure faithful performance as bookkeeper.

After Rodel entered the bank, and after the bond was made, the bank required him to perform the additional duties of teller. Rodel's misconduct was in the capacity of both bookkeeper and teller. It was contended in that case, as here, that the addition of new duties without their consent worked a discharge of the sureties on the bookkeeper's bond. The court, however, held the sureties liable for Rodel's misconduct as bookkeeper. In the opinion this language appears: "If the bank, by requiring new and additional duties of Rodel, or by any other action on its part, prevented the proper discharge of his duties as bookkeeper, we do not think the sureties would be bound for any dereliction or default thus occasioned. * * * It is clear that the sureties could not be held for any defalcations of Rodel as teller. * * * Where the omission of Rodel to perform his duty as bookkeeper is wholly disconnected from any improper act on his part as teller, and was not superinduced by his appointment as teller, we do not see why the sureties should not be held liable therefor."

In this and all such cases the courts recognize the time-honored doctrine that the liability of the surety is *strictissimi juris*, and that his responsibility will not be extended beyond the plain terms of his engagement. His obligation is not in the least extended by these decisions. He is only held for the proper performance of the duties guaranteed, nothing more.

Applying now the law, as thus understood, to the case here, and it seems clear that these defendants, sureties on Cheaney's bond, as public administrator, must be held for his default in so far as concerns his maladministration of the duties of *public administrator*, properly so called, and that they cannot be held on account of any default in the performance of the duties pertaining to the office of *public guardian* and *curator*, which were created and imposed on Cheaney after these sureties signed the bond. It was the purpose of this action to reach the first only. Defendants were not called on to make good any default in the new duties or additional office which had been assumed or imposed on their principal.

The judgment is affirmed. All concur.[1]