GRIFFIN ET AL VS SMITH.

Opinion delivered October 19, 1904.

1. *Master's Report—Not Disturbed Where Evidence Conflicting.*

Exceptions to a master's report are properly overruled where the evidence, upon the facts found by the master, is conflicting.

2. *Mortgage—Foreclosure—Order of Sale—Provisions of.*

Under Secs. 5168, 5169, 5170 Mansf. Dig. (3373, 3374, 3375, Ind. Ter. Stat.) it is not necessary that a decree ordering the sale of mortgaged property, in an action of foreclosure, shall fix a time within which payment of the money may be made in satisfaction of the judgment.

3. *Mortgage—Foreclosure—Decree of Sale.*

The decree of sale in a foreclosure proceeding should make provision for the disposition of the excess of money arising from the sale, after payment of the judgment and costs; and should provide a commissioner to make the sale.

*Mortgage—Foreclosure—Sale—Manner of and by Whom Made*

Under Sec. 538 Mansf. Dig. the clerk of court may conduct a sale, under decree of foreclosure, when a special commissioner is not named therein, and the decree is sufficient if it directs the sale to be made in accordance with law, as the statute fully provides the manner of making such sale.

Appeal from the United States Court for the Western District.

CHAS. W. RAYMOND, Judge.

Action by Silas Smith against George M. Griffin and others. Judgment for plaintiff. Defendants appeal. Affirmed.

The plaintiff (appellee) filed his bill in this case on November 1, 1901, alleging, in substance, that on March 23, 1901, he had old certain real estate in Okmulgee, Ind. Ter., described as the "Capitol Hotel Property," to defendants (appellants) for $2,500 of which it was agreed $1,800 was to be paid in cash, and the remaining $700 evidenced by a promissory note of G. M. and H. W. Griffin, due in six months, and secured by a mortgage on certain chattels and a separate piece of real estate, owned by the Griffins; that defendant W. E. Gentry paid $1,250 and defendant G. M. Griffin paid $50 in money, and executed his note for $700, secured by a mortgage on other property, and promised verbally to pay the other $500 in a few days; that defendant had, at the time of bringing suit, paid $215 on the note and nothing on the $500. Prayer for a decree for $1,019.40, and that plaintiff's lien upon the property described in the mortgage, which was no part of the hotel property, together with the lien on the premises sold, be foreclosed, and for general relief.

The defendants answered, denying that the agreed purchase price of the hotel property was $2,500, but alleged: That

the price was $2,000, evidenced by an agreement in writing, dated February 19, 1901, extended by a further written agreement dated March 16, 1901. The agreement of February 19th is as follows:

OKMULGEE, I. T., Feb. 19, 1901.

"This contract or agreement made or entered into by and between Silas Smith, party of the first part, and Griffin Brothers, parties of the second part, witnesseth:

"The party of the first part bargains and sells to the parties of the second part his hotel building and lot upon which it is located, together with all other buildings on said lot, said lot consists of Nos. 2, 3, 4, and 5 in block 37, in the town of Okmulgee, Ind. Ter.

"For and in consideration of the above, the parties of the second part are to pay the parties of the first part the sum of Two thousand dollars ($2,000.00), said amount to be paid within the next ten days. When the said amount is paid, the party of the first part is to give to parties of the second part a deed to said property. If the amount specified above is not paid by the parties of the second part within the next ten days, this contract is void.

> "SILAS SMITH.
> "G. M. & H. W. GRIFFIN."

The receipt of March 16th is as follows:

"Received of G. M. Griffin fifty dollars, to apply on payment of property contracted to him as Capitol Hotel block. Contract is extended by this payment.

SILAS SMITH."

That $50 had been paid by Grffin before the deal was closed, to wit, March 16, 1901. That $1,250 was paid by Gentry at the date of the actual transfer of the hotel property, March 23, 1901, and that Griffin on that date executed a note for $700, and secured the same by a mortgage on property other than the hotel property. Denied that he had ever agreed to pay $2,500 for the hotel property; and denied that he owed Smith anything except a balance on the $700 note, which balance he stood ready and willing to pay; and prayed the dismissal of plaintiff's bill and judgment for costs.

The evidence was taken before a special master, and it developed that subsequent to the filing of the bill defendant Griffin had paid plaintiff the balance of the $700 note. The special master, on January 14, 1902, filed his report, sustaining the contention of plaintiff, and finding that $500 was due from Griffin to Smith, and recommended a decree foreclosing Smith's vendor's lien upon the hotel property. To this report defendants filed exceptions. On August 12, 1903, the court overruled the defendants' exceptions, and entered a decree for plaintiff for $500, with interest from that date at 6 per cent., and that plaintiff's lien upon Griffin's undivided half interest in the hotel property be foreclosed, and said property be sold, according to law, and the proceeds of such sale applied to the payment of the judgment. To this decree defendant excepted, and appealed to this court.

*Hutchings, West & Parker* and *Preston C. West*, for appellants.

*De Graffenried & Scruggs*, for appellee.

CLAYTON, J. The only questions raised in this case are: First, that the exceptions to the master's report, wherein he

found the fact to be that the consideration to be paid as the purchase price of the premises sold under the contract was $2,500, as claimed by the plaintiff, appellee, instead of $2,000, as claimed by defendants, should have been overruled, instead of confirmed, as was done by the court; and, second, that the decree foreclosing the lien for the balance due on the purchase price of the premises failed to provide a day within which the judgment might be satisfied, and, in default of payment, to designate the method of sale and the disposition of the proceeds.

On the first question raised it is sufficient to say that we have carefully read all of the evidence, and find that, while the testimony upon the question as to the price to be paid for the premises under the contract is conflicting, there is ample proof to sustain the findings of the master and to support the decree of the court.

As to the second question, the defendants' counsel is mistaken in his conclusion that there was no prayer for the foreclosure of the vendor's lien. The conclusion of the complaint, after setting out, in other parts of it, the facts and describing the premises sold as well as those mortgaged, is: "That said mortgage was duly acknowledged and filed in the office of the clerk of the United States Court for the Northern District of the Indian Territory at Muskogee, a certified copy of said mortgage being hereto attacced, * * * whereby plaintiff says he has a lien on the property described in said mortgage, and also upon the above-described lot sold to defendants, for the purchase price of said lot. Premises considered, the plaintiff prays for a decree against the defendants for his debt, and that his lien on the above-described property be foreclosed, and that he have an order to sell the same to satisfy his judgment, and for all costs of suit." etc. Our statute, Mansf. Dig. (Ind. Ter. St. 1899, §§ 3373, 3374, 3375), provides:

"Sec. 5168. It shall not be necessary, in any action upon a mortgage or lien, to enter an interlocutory judgment or give time for the payment of money, or for doing any other act; but final judgment may in such case be given in the first instance.

"Sec. 5169. In the foreclosure of a mortgage, a sale of the mortgaged property shall in all cases be ordered.

"Sec. 5170. In an action on a mortgage or lien, the judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally."

From this it will be seen that in an action upon a mortgage or lien an interlocutory judgment giving time for the payment of the money is not required, "but final judgment may in such case be given in the first instance," which was done. The decree, however, is faulty in failing to make any order disposing of an excess of money which might arise from the sale after the payment of the amount found due the plaintiff and the payment of costs. It is also usual to appoint a commissioner to make the sale. But, as this only relates to the execution of the decree, it may be done afterward, although the term of the court may have expired. When no such appointment is made by the order, the clerk, we think, by virtue of his general powers as the commissioner of the court, as provided by section 538, Mansf. Dig., may make the sale; and, in the absence of any order as to the disposition of the surplus arising from the sale after paying off the amount named in the decree and costs, if any, his duty would be by his report to make that fact known to the court, and the order might then be made to turn it over to the defendant. The decree, however, ought to direct a full disposition of the moneys arising from the sale.

The complaint that the court failed to direct the manner and mode of the sale is not well taken. The decree directed

that it should be sold in accordance with the provisions of the law, and, as the manner of the sale is fully set out and provided for by the statute, this is sufficient.

The decree of the court below is affirmed , with directions to add thereto that the surplus, if any, left in the hands of the commissioner after the payments therein provided for, shall be turned over and delivered to the defendants.

Affirmed.

TOWNSEND and GILL, JJ., concur.