JESSE J. DUNN,  
SAMUEL W. HAYES,  
MATTHEW JOHN KANE, } Justices.  
JOHN B. TURNER,

---

Turner v. Mills *et al.*

No. 865 Ind. T. Opinion Filed September 8, 1908.

Rehearing Denied September 13, 1909.

(97 Pac. 558.)

1. **APPEAL AND ERROR—Master's Report—Conflicting Evidence.**
   Exceptions to a master's report are properly overruled, where the evidence, upon the facts found by the master, is conflicting.

2. **SAME— Errors Against Appellee—Review.** In the absence of a cross-appeal, or an entry upon the records of the Supreme Court praying therefor, the appellee cannot have alleged errors considered and corrected.

(Syllabus by the Court.)

*Appeal from the United States Court of the Western District of the Indian Territory, at Muskogee; William R. Lawrence, Judge.*

Vol. 22—1

Action by Nancy F. Mills and others against C. W. Turner. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Brook, Brook & Thurman,* for appellant.

*Chas. Bagg,* for appellees.

DUNN, J.   This is an action brought by Nancy F. Mills and five of her children, they being the widow and heirs of Solomon Franklin, deceased, to require the payment by the defendant, C. W. Turner of the purchase money of a certain tract of land owned by the deceased at the time of his death.   The widow claimed a dower interest in the land, and the interest of the others was by virtue of being heirs.   A deed was executed and delivered by the parties to the grantee, who, after making a small payment on the purchase price, refused to make further payment until certain incumbrances, placed upon the land by the heirs, were released, and the title cleared.   It is the contention of the heirs that the defendant took the land with these incumbrances.   Suit is brought to enforce the contract, neither party praying a rescission, and the question submitted to the court is simply, what was the contract?   The trial court referred the case to a master in chancery to take evidence and report, with conclusions and findings.   The master found generally for the plaintiffs, but both parties filed exceptions to his report.   On the matter coming on for hearing before the court, the exceptions to the report of the master were by the court overruled, and a judgment entered in favor of plaintiffs, from which the defendant took the case on appeal to the United States Court of Appeals of the Indian Territory, and the same is now before us by virtue of our succession.

The contention of appellant, who was defendant below, is that the report of the master is not sustained by the evidence.   We have carefully examined the evidence submitted, and find that the same is conflicting in the extreme.   The evidence of what the contract was rested for the most part in the recollection of the parties, and their testimony in reference thereto is irreconcilable.   No judgment which could be rendered would find support by the testi-

mony of all the witnesses, and in this condition of affairs, and giving consideration to all the evidence offered, we are unable to say that the report of the master is not reasonably supported thereby. The rule in such cases is laid down in the case of *Griffin v. Smith,* 5 Ind. T. 89, 82 S. W. 684, wherein the court said:

"Exceptions to a master's report are properly overruled, where the evidence, upon· the facts found by the master, is conflicting."

Counsel for appellees, having filed exceptions to the report of the master, which were overruled, urges in his brief that the findings on one of the propositions involved are not sustained by the evidence and are prejudicial to the clients. Section 804, Ann. St. Ind. T. 1899, provides:

"The appellee, at any time before trial, by an entry upon the records of the Supreme Court, may pray and obtain a cross-appeal against the appellant, or any co-appellee, in whose favor any question is decided prejudicial to such a party."

The appellees did not appeal from the judgment, and have had no entry made upon the records of the Court of Appeals or of this court praying a cross-appeal against appellant.

The Supreme Court of the state of Arkansas, in the case of *Turner* v. *Turner,* 44 Ark. 25, on this statute said, in considering a case similar to this:

"The appellees also filed exceptions to the master's report, which were overruled by the court below. Their counsel insist here that their exceptions to the master's report should have been sustained. * * * The appellees did not appeal from the decree of the court below, or take a cross-appeal here. * * * This court cannot correct errors, unless brought before it in the mode prescribed by law."

The syllabus to the case reads as follows:

"The appellee cannot have errors against him corrected in the Supreme Court without a cross-appeal either from the circuit or Supreme Court."

Having considered all of the assignments of error urged, and finding no error in the judgment of the lower court, the same is accordingly affirmed.

All the Justices concur.