### HARRILL v. HENDERSON et al.

No. 7225—Opinion Filed July 11. 1916.
(158 Pac. 1134.)

#### Townships—Township Clerk—Bond of.

J. W. H., as township clerk, executed with sureties a bond conditioned as required by law. T. C. H. sold to the township board concrete tiling at a time when there were no funds on hand or taxes levied to pay for same. A warrant for said claim issued to T. C. H. was presented for payment and payment refused, and action brought against J. W. H. and sureties on his said bond to recover for said concrete tiling. Held, that the bond of said township clerk was not liable for the payment of said claim, said action complained of being the action of the township board and not of the township clerk. Held, further, that section 6777, Rev. Laws 1910. does not authorize the action brought in the instant case, and only applies to an individual whose action contravenes said section.

(Syllabus by Collier, C.)

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by T. C. Harrill against J. W. Henderson and others. There was judgment for defendants, and plaintiff brings error. Affirmed.

W. T. & A. C. Hunt, for plaintiff in error.
Brook & Brook, for defendants in error.

Opinion by COLLIER. C. Plaintiff in error instituted an action against the defendants in error seeking to recover upon a bond which is in words and figures as follows:

"State of Oklahoma, County of McIntosh.

"Know all men by these presents that we,

J. W. Henderson of Stidham, Okla., as principal, and Robert Sexton of Stidham and V. E. Hill of Stidham, as sureties, are held and firmly bound unto the state of Oklahoma in the sum of $500 for the payment of which we hereby bind ourselves, our heirs, executors, and administrators, jointly and severally by these presents:

"Whereas, the above bondsman, J. W. Henderson, was duly appointed to the office of clerk of Simpson township of the county of McIntosh, in the state of Oklahoma, on the 14th day of March, 1908.

"Now, therefore, the consideration of this obligation is such that if the said J. W. Henderson shall faithfully perform the duties and pay over to the proper person entitled thereto all moneys that may come into his hands by virtue of his said office, and shall honestly and faithfully discharge all and singular the duties of his office as such clerk according to law during the continuance of his office, then the obligation shall be void, otherwise to remain in full force and effect.

"In testimony whereof, witness our hands this 14th day of March, 1908."

The petition filed in said cause, omitting the caption, reads:

"Comes now T. C. Harrill, plaintiff in the above-styled cause, and states that the defendant, J. W. Henderson, was on the 14th day of March, 1908, appointed clerk of Simpson township, McIntosh county, state of Oklahoma; that on the 14th day of March, 1908, he filed his bond as such clerk in the sum of $500 with the defendants Robert Sexton and V. E. Hill as sureties, which said bond was duly recorded in volume 1, page 100, in the official bond record of said McIntosh county, a certified copy of which is hereto attached, marked 'Exhibit A' and made a part of this petition.

"Plaintiff further states that on the 15th day of February, 1910, the township board of Simpson township, McIntosh county, Okla., composed of said defendants, J. W. Henderson, clerk, Robert Sexton, trustee, and S. C. Cozed, treasurer, issued to the plaintiff herein a township warrant, of series No. 1909, bearing date February 5, 1910, in the sum of $866.50, payable to T. C. Harrill, the plaintiff herein. A copy of said township warrant is hereto attached, marked 'Exhibit B' and made a part of this petition.

"Plaintiff further states that said warrant was issued by said township board in payment of concrete tiling furnished said township by this plaintiff and used by said township board in building culverts in said township.

"Plaintiff further states that, in pursuance of the duties required by law, he did on the 15th day of February, 1910, present said warrant to S. C. Cozed, treasurer of Simpson township, for payment; that said S. C. Cozed, as such treasurer, indorsed on the back thereof. 'Township warrant presented and not paid

for want of funds, this 15th day of February, 1910. Registered No. 58. Signed, S. C. Cozed, Township Treasurer.'

"Plaintiff further states that thereafter treasurer of said township refused to pay said warrant; that on the ——— day of ——— 1912, plaintiff herein filed suit in the district court of McIntosh county, Okla., on said warrant against said Simpson township, said cause being No. 628, and caused summons to be issued thereon; a copy of said petition is hereto attached, marked 'Exhibit C' and made a part of this petition; that thereafter, to wit, on the ——— day of ———. the officers of said Simpson township filed an answer to said petition, denying any liability on said warrant; and further stating in paragraph No. 3 of said answer that at the time the alleged debt was contracted, for which said purported warrant was issued. said township was indebted for said year to an amount exceeding the income of revenue for such year, and beyond the indebtedness by law permitted to be incurred, and further stating as a defense to the payment of said warrant the following allegation No. 4, of said answer, to wit: That, at the time of the issuance of said warrant, said township was indebted for said year to an amount exceeding the income of and revenue provided for such year and beyond the amount of indebtedness by law permitted to be incurred; that thereafter and on, to wit, the 18th day of December, 1912, said cause came on for hearing and the court, after having heard the evidence and argument of counsel, found that the allegations Nos. 3 and 4 in defendant's answer were true, and rendered judgment in favor of the defendant and against the plaintiff. A certified copy of said decision and judgment is hereto attached, marked plaintiff's 'Exhibit D' and made a part of this petition.

"Plaintiff further states that, at the time he sold and delivered said concrete tiling to said township, he was not advised and did not know that said township board was acting. illegally, and in violation of the law, in the purchase of said concrete tiling and issuance of said warrant; but on the contrary plaintiff was led to believe and did believe that said board was acting legally in making said purchase and issuing said warrant, and plaintiff was innocent of any illegality in the matter.

"Plaintiff further states that the price of $866.50 for which said concrete tiling was sold to said township board was reasonable and just; that he is now the owner and holder of said township warrant; that the said J. W. Henderson, as principal on said bond, and said defendants Robert Sexton and V. E. Hill, as sureties on said bond, are indebted and liable to this plaintiff in the sum of $500, together with 6 per cent. interest thereon from the 15th day of February, 1910.

"Wherefore plaintiff prays judgment against the said J. W. Henderson, Robert Sexton, and V. E. Hill in said sum of $500.

together with 6 per cent. interest thereon from said 15th day of February, 1910, until rendition of judgment herein and for all further and proper relief."

To said petition, defendants interposed a demurrer, which, omitting the caption, is as follows:

"Come now the defendants, J. W. Henderson, Robert Sexton and V. E. Hill, and demur to the plaintiff's petition because the same does not show that the court has jurisdiction over the person of each of the defendants.

"Because the court has not jurisdiction of the subject-matter complained of in the petition, because there was no law in force in the state of Oklahoma authorizing suit upon such a cause of action when the contract sued upon was made and entered into by these defendants, and of this the defendant prays judgment of the court.

"Because the petition does not state facts sufficient to constitute a cause of action against the defendants."

The court sustained the demurrer to the petition, to which action of the court the plaintiff duly excepted and prosecutes an appeal therefrom to this court.

The only question involved in this case is the action of the court in sustaining the demurrer to the petition. The basis of the action is to recover for concrete tiling illegally purchased by the township board for the reason that at the time of said purchase there were no funds of the township with which to pay for same. It therefore clearly appears that it is the act of the township board, and not the act of the clerk, which caused the loss sustained by the plaintiff for which recovery is herein sought.

The bond here sued on was given to secure the faithful performance by the principal of his duties as clerk, and not to secure the performance of his duties as a member of the township board. Plaintiff does not allege injury and in fact was not injured by the issuance of the warrant, which was only evidence of the illegal debt contracted. Plaintiff's injuries arose from entering into and carrying into effect the illegal contract with the township board, of which the principal in the bond acted as a member. The legal ground quoted, and upon which the plaintiff in error relies in support of his contention, that the petition herein states a good cause of action is section 7413, Comp. Laws (Snyder), sec. 6777, Rev. Laws 1910, in our opinion is not well taken, as said section cannot be construed as authorizing the action brought in the instant case and only applies to the individual who contravenes said section.

"The obligation of a surety on an official bond is a matter of law, and will not be extended by implication." City of St. Louis v. Sickles, 52 Mo. 122; 37 Am. Dig. p. 2016.

In Lowe v. City of Guthrie, 4 Okla. 287, 44 Pac. 198, it is said:

"Sureties on an official bond are only answerable for the acts of their principal while engaged in some duty imposed by law, or for an omission to perform such duty."

We are therefore of the opinion that the bond here sued on was not liable for the act of the township board in purchasing the property which it illegally did, and that the court did not commit error in sustaining a demurrer to the petition.

This cause should be affirmed.

By the Court: It is so ordered.