## HOLSHOUSER v. HOLSHOUSER.

No. 21336.   Oct. 24, 1933.

46

Hal S. Whitten, for plaintiff in error.

Edwards & Robinson, for defendant in error.

WELCH, J. This is an appeal from the district court of Oklahoma county, wherein Wendell Holshouser is plaintiff in error, and Alice Holshouser, nee Clark, is defendant in error. The parties occupy the same relative position in this court as was occupied in the trial court, and will be hereinafter referred to as plaintiff and defendant.

On December 9, 1926, plaintiff and defendant were united in marriage. On January 27, 1927, plaintiff filed in the district court of Oklahoma county, Okla., his petition for the annulment of said marriage, in which he alleges that he and the defendant had never lived together either before or after the said marriage, and that no children were born of said marriage; that he was forced to marry the defendant by means of fraud, coercion, and duress. Service was had upon the defendant in the case by publication and mailing, and on March 22, 1927, the court entered its decree annulling said marriage as prayed in plaintiff's petition. The decree recites due service by publication, and recites that the defendant was represented by her attorney upon the hearing of the cause. The decree contains a general finding of all of the material facts contained in plaintiff's petition in favor of plaintiff.

On May 29, 1929, the defendant filed her petition to set aside the decree of March 22, 1927, in which she alleged that such decree was null and void for the reason that same was entered against her by default, and without other service than by publication in a newspaper. She tendered and offered to pay all costs if the court should require her to do so, and alleged that she had no actual notice of the pendency of the action in time to appear in court and make her defense. She attached to her petition to set aside the judgment an answer to plaintiff's petition, and prayed the court to open the judgment and decree in said cause and allow her to come in and defend.

As a second cause of action in said petition the defendant alleges that the judgment and decree is void for the reason that the court never acquired jurisdiction to enter the same; that no proper service was ever had upon her, and no notice, either actual or constructive, was ever received by her of the pendency of said action, and that said decree is void for the further reason that there was no allegation or showing made in said action that either of the parties to the marriage was incapable of contracting marriage from want of age or understanding; that the decree is void for the reason that plaintiff's petition does not state any cause of action and is not sufficient to support the decree; that the decree is void for the further reason that said action was not set for trial upon the trial docket of said court at the time and in the manner required by law; nor heard and disposed of as required by law and the rules of the court. That the decree was obtained by fraud committed by the successful party, extrinsic and collateral of the record in the cause, and consisting of fraudulent acts and conduct perpetrated by plaintiff constituting a fraud upon the court and upon the defendant designed to, and which, in fact, did, prevent a fair submission of the issues between the parties and a full consideration of the same by the court, and kept from her knowledge of said action and prevented her appearance thereat and defense thereto, reciting various alleged facts relied upon in support of her allegations of fraud. She alleges that she had a good and valid defense to the plaintiff's action, that she only recently learned of said decree, and that she brings her action with the utmost diligence and without laches on her part. She makes the court files in the cause in which the decree was rendered a part of her petition by reference, and prays that the decree be adjudged in all things null and void, and for all other relief that may be proper. The petition

is duly verified and notice was given the plaintiff that on May 29, 1929, she would make application to the court to vacate and open the judgment, and seek to be permitted to come in and defend said action.

Upon hearing had, the court entered the following order:

"This cause came on to be heard on the 29th day of August, 1929, upon the petition of Alice Holshouser to set aside a judgment of annulment that had theretofore been rendered in said cause on the 22nd day of March, 1927. Alice Holshouser appeared in person and by her attorneys, Edwards and Robinson and Littrell and Patz; and Wendell Holshouser was likewise present in person and by his attorney, Hal Whitten.

"Thereupon both parties announced ready for trial in open court, and a jury having been waived, evidence was introduced before this court, at the conclusion of which said cause was taken under advisement for the purpose of considering said evidence.

"And thereupon the court having heard all of said evidence and being fully advised of the premises, and upon consideration thereof finds as follows:

"'In the cause of Holshouser v. Holshouser, the court is of the opinion that the constructive service upon the defendant was properly made, that no fraud was practiced upon her in procuring service, that she had notice of it either before or a short time after the judgment was rendered, that the attorney for the plaintiff and the guardian ad litem were not guilty of any fraud and that the accusation against them is unwarranted and unfounded, but the court is further of the opinion that this judgment, in so far as this child is concerned, should be modified so that the plaintiff would be required to pay $30 per month for its support until it reaches the age of 18 years or marries. It can serve no useful purpose to interfere with the plaintiff's present marital relations and bastardize his child by the second wife, and I am of the opinion that this court has authority, so far as this child is concerned, to modify the journal entry to recite that the plaintiff and the defendant have one child and that the plaintiff is required to pay $30 per month for its support. Draw your journal entry and give each party an exception to the ruling of the court, so that they may file motion for new trial, etc.'

"It is therefore ordered, adjudged, and decreed by this court that the prayer of Alice Holshouser for vacation of the said decree of annulment be and the same is hereby denied, to which ruling of the court both parties except and exceptions are hereby allowed.

"It is the further order and judgment of this court that the journal entry of judgment heretofore filed in this cause, together with the judgment thereby evidenced be and the same is hereby modified, and said Wendell Holshouser is ordered to pay the sum of $30 per month to the court clerk of Oklahoma county for the support and maintenance of the child of the parties, said child being known as Wendell Holshouser, Jr. It is hereby ordered that said Wendell Holshouser make the first payment on the 15th day of November, 1929, and make an additional payment of $30 not later than the 15th day of each and every month thereafter until said Wendell Holshouser, Jr., attains the age of 18 years or marries.

"It is further ordered that each of the parties to this cause be and the same are hereby allowed exceptions to the ruling of this court.

"Dated at Oklahoma City, Oklahoma, this 14th day of November, 1929."

Plaintiff in due time filed his motion for new trial, and upon the same being overruled has appealed from the last recited order of the court, attacking that part of the order to the effect that there was a child of the marriage and providing for the support thereof. Plaintiff's brief is confined to a discussion of the authority of the court in this manner to modify the original journal entry and decree, and to the validity of the court's order in this regard. He urges that the court erred in modifying the original decree upon the hearing had on defendant's petition to vacate the same.

Plaintiff suggests that the action taken by the defendant which resulted in the order of the court of which complaint is made, was an effort on her part to have the judgment and decree of March 22, 1927, vacated and set aside, and that such action was brought by her under the provision of section 556, O. S. 1931, primarily, and secondly, under section 189, O. S. 1931. In this he appears to be sustained by the record. The relief sought by the defendant by her petition to vacate and set aside such judgment was the statutory relief provided by the section of the statute quoted, supra; she thereby attacks the judgment and decree, alleging lack of jurisdiction and fraud in the procuring of the decree. A perusal of the order of the court of August 29, 1929, a portion of which is herein complained of by the plaintiff, will disclose that the court specifically held against defendant's contention with reference to her attack on the decree under section 189, O. S. 1931, which provides for opening of default judgment rendered on service by publication, specifically finding that the defendant had notice of the pendency of the action in time to have protected her interest at the time of the trial, and denying her the relief sought under said

section. The court also found against defendant's contention under her allegations of fraud. The court did not vacate or set aside the judgment and decree of March 22, 1927, but clearly by its action denied the defendant's motion to set aside and vacate the same upon the grounds that the defendant had failed to establish the allegations of her petition relative to the insufficiency of the service by publication, and to her allegations of fraud. Notwithstanding this denial of the relief sought by the defendant, the court incorporated in its order a provision modifying and changing the order of March 22, 1927, whereby said original decree is made to include a finding to the effect that there was a child born to the parties of the said marriage, and ordered the plaintiff to pay a specified monthly sum for its support. The plaintiff by his appeal does not attack any portion of the court's order, save that portion of same which seeks to modify the original judgment and decree. The defendant filed no motion for new trial in the lower court, nor does she attack the order of the court under consideration, or seek affirmative relief therefrom by cross-appeal.

The plaintiff contends that under the pleadings filed by the defendant the court could only set aside the original decree completely and allow the defendant to come in and defend, or could deny the petition of the defendant to defend and refuse the prayer of defendant's petition to set aside the original decree, and with this contention we agree.

In Nero v. Brooks, 116 Okla. 279, 244 P. 588, we held:

"A judgment which is entirely outside of the issues in the case, and upon a matter not submitted to the court for its determination, may be vacated and set aside at any time, on motion of a party, or any person affected thereby."

In the case just cited, judgment was rendered in the district court on February 18, 1924, which judgment was in favor of the defendant in the case. Subsequently the plaintiff filed a motion to set aside and vacate the judgment, on the grounds of fraud and also upon jurisdictional grounds. The court conducted a hearing upon the plaintiff's motion to set aside and vacate the judgment, and after hearing the evidence sustained the same and set aside and vacated the judgment, but, in addition thereto, dismissed the action with prejudice and enjoined one of the parties from bringing a future action relating to the real estate involved therein, declaring the defendant to be the owner of the title to the real estate, and validated certain oil leases. Therein the court undertook to determine upon that hearing various questions which would have been at issue in the case proper. In the opinion this court said:

"It was the duty of the court, if it found error warranting the setting aside of said judgment, to sustain said motion and set aside said judgment. These questions were the only matters involved in the motion to set aside and vacate the February judgment, and the only matters that the parties were authorized by statute to create for hearing upon that motion.

"The question presented to the trial court upon the motion was the right of the plaintiff to have a second trial of the action. The court found that the plaintiff was entitled to a second trial of the lawsuit, as it set aside the first judgment. Thereupon the plaintiff was entitled to have the cause set down for trial at some future date, giving her reasonable time and opportunity to have her witnesses present. The defendant was entitled to file such pleadings by way of demurrer or answer as authorized by the statute. When the issues were joined, if there were issues of fact created by the pleadings, then the parties were entitled to a trial in the way and manner provided by law. It is apparent from the record in this case that the trial court proceeded to try the cause upon its merits at the time it passed upon plaintiff's motion to set aside the judgment. This trial was had upon pleadings filed in connection with the motion to vacate and set aside the judgment, which were not authorized by law, and that trial had at a time and in a manner not authorized by law. It is clear that the judgment in favor of this defendant upon the merits of this action was without the scope of any pleadings authorized by law, and at a time and had in a manner not authorized by law. A judgment of the court beyond the scope of the pleadings and beyond the scope of the issues then proper is a nullity and not binding upon the parties to the action. Angle v. McMaster, 17 Okla. 501, 87 P. 660; Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451, L. R. A. 1917D, 1029; Paulsen v. Western Electric Co., 67 Okla. 309, 171 P. 38; Champion v. Okla. City Land & Dev. Co., 61 Okla. 135, 159 P. 854; Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 P. 706. Gille v. Emmons, 58 Kan. 118, 48 P. 569; Gile v. Wood (Idaho) 188 P. 36; Miller v. Prout (Idaho) 197 P. 1023; Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; Moore v. Moore (Ind. App.) 135 N. E. 362; Reynolds v. Stockton, 43 N. J. Eq. 211, 10 Atl. 385, 3 A. S. R. 305; Wright v. Delafield, 25 N. Y. 266; Sweet v. Marsh, 117 N. Y. Supp. 930; Thraves v. Greenlees, 42 Okla. 764, 142 P. 1021; Maddox v. Summerlin,

92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Munday v. Vail, 34 N. J. Law, 418.

"Therefore, it is apparent that the judgment of the court sustaining the motion of the plaintiff to set aside the judgment and to grant the plaintiff a new trial is within the issues, and was a proper proceeding for the trial at that time. It is equally apparent that the judgment of the court undertaking to adjudicate the cause upon its merits was void for the foregoing reasons. The judgment of the trial court is reversed."

In the instant case the only action which might have properly been taken by the trial court upon the pleadings was to have vacated and set aside the decree of March 22, 1927, and permitted the defendant to defend in said cause, or to have denied the petition of the defendant.

The defendant's brief is confined to a discussion of the jurisdiction of the court to make and enter the decree of March 22, 1927, and to a discussion of the record of her evidence tending to show fraud in procuring such decree. All of these questions were determined by the court in its order of August 29, 1929, adversely to the defendant's contentions. The arguments and authorities do not support the action of the trial court in modifying the original decree, but only tend to support the defendant's contention that the original decree should be set aside and vacated for the reasons stated in her petition filed in the trial court. If we were to agree with the contentions thus made, it could only be for the purpose of ordering that the original decree be set aside, and we could not do that in this case for the reason that the trial court refused to set aside and vacate the same, and the order of the court in that respect has become final, the defendant in the lower court having failed to raise these questions by motion for new trial or seek affirmative relief in this court by cross-appeal. In Van Arsdale & Osborne v. Olustee School District No. 35, of Greer County, 23 Okla. 894, 101 P. 1121, this court laid down the following rule:

"Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal."

See, also, Turner v. Mills, 22 Okla. 1, 97 P. 558; St. Louis-I. M. & S. Ry. Co. v. Lewis, 39 Okla. 677, 136 P. 396; Harrill v. Henderson, 60 Okla. 22, 158 P. 1134; Simons v. Floyd, 74 Okla. 134, 177 P. 608; Snyder v. Noss, 99 Okla. 142, 226 P. 319; Shefts v. King, 100 Okla. 153, 228 P. 961; Beamer v. Key, 114 Okla. 276, 246 P. 628; Stanley, County Treas., of Marshall County, v. School District No. 4, 142 Okla. 240, 286 P. 340.

For the reasons stated, the action of the trial court in modifying its order of March 22, 1927, is reversed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. ANDREWS and BUSBY, JJ., absent.