## In re MAGNOLIA PETROLEUM CO.

No. 20165.   Opinion Filed May 28, 1929.
Rehearing Denied July 2, 1929.

Geo. M. Callihan, Co. Atty., and I. L. Harris, Asst. Co. Atty., for appellant.

Blakeney & Ambrister and Brown & Stater. for appellee, Magnolia Petroleum Company.

ANDREWS, J. This cause was submitted to the Court of Tax Review on a stipulation as to the facts, which were as follows:

"It is stipulated and agreed that the excise board of Oklahoma county made an appropriation for the fiscal year beginning July 1, 1928, and ending June 30, 1929, for county highway purposes of $484,735, and that there was added 10 per cent. for delinquent taxes in the sum of $48,473.50, or a total of $533,208.50.

"It is further agreed that there was on hand at the time said appropriation was made in said county highway fund a surplus revenue from the previous year of $70,766.02, and also an estimated income from sources other than ad valorem taxes of $418,817.13, or a total sum of $489,583.15, which is the total deduction.

"It is further agreed that the excise board made a levy in said county of .29 mills for the purpose of raising $43,625.35, which is the difference between the amount appropriated with 10 per cent. for delinquents added over and above the cash on hand and estimated income from sources other than ad valorem taxes.

"It is agreed that the levy of .29 mills is spread upon the rolls and assessed against the property of the protestant and that it has property in Oklahoma county; and that it did in the form and manner provided by Initiative Petition 100 file its protest"

—together with evidence, which included the proceedings of the excise board.

The Court of Tax Review made its findings of fact and rendered its decision in writing, as follows (formal part omitted)::

"The court finds the issues in favor of the protestant and finds that the county highway tax levy of .29 mill is illegal and unauthorized and void and should be stricken.

"The court finds from the agreed statement of fact entered herein, the county excise board of Oklahoma county made an appropriation for county highway funds for said county of $484,735, which was to meet the requirements for the fiscal year beginning July 1, 1928, and finds that at the time said appropriation was made, the said board had on hands to the credit of the county highway fund a surplus from the preceding year of $70,766.02 and had an estimated income from sources other than ad valorem taxes and to the credit of the county highway fund the sum of $418,817.13, which included a one-fourth mill state levy of $33,376.22 for highway purposes, or that it had on hand in said county highway fund from estimated income from sources other than ad valorem taxes and cash, a total of $489,583.15.

"The court finds that said sum of $489,583.15 from cash on hand and estimated income was sufficient to take care of the appropriation made for county highway purposes of $484,735.

"The court finds that at the time the said appropriation was made of $484,735, the excise board added 10% for delinquent taxes in the sum of $48,473.50, and that a levy of .29 mill was made for county highway purposes to raise the sum of $43,625.35, which said sum was the amount of the appropriation with 10% added for county highway purposes in excess of the amount of cash

on hand and estimated income from sources other than from ad valorem taxes.

"The court finds that the county excise board only needed an appropriation of $484,-735, and that at the time of said appropriation it had on hands in cash and from estimated income an excess of the amount needed in said fund for the fiscal year of $4,848.-15, and the court finds that by reason thereof the county excise board had no authority to add 10% to the amount of the appropriation in said fund and had no authority to make a levy of .29 mill for county highway purposes and that by reason thereof the said .29 mill levy for county highway purposes in Oklahoma county is excessive, illegal and void.

"It. is, therefore, ordered, adjudged, and decreed by this court that the levy of .29 mill made by the excise board of Oklahoma county for county highway purposes be and the same is hereby canceled and declared illegal and void and said levy is hereby ordered to be stricken from the tax rolls for said year (matters pertaining to motion for new trial)"

—which decision was filed with the State Auditor on the 16th day of January, 1929.

On January 19, 1929, the county attorney of Oklahoma county filed with the State Auditor notice of appeal to the Supreme Court. The record was certified as a transcript by attorneys for protestant and protestee under date of February 11, 1929, and by the State Auditor under date of February 23, 1929, and the same was filed in the office of the Clerk of the Supreme Court on the 23rd day of February, 1929.

The protestant will be referred to as appellee, and the protestee as appellant.

The appellee, on the 15th day of April, 1929, filed its motion to dismiss on the grounds that: First, no appeal had ever been taken from said judgment; second, no petition in error had ever been filed; and third, "the matters raised by such appeal pertain to tax levies and the collection thereof and vitally affect every citizen and every municipality of the state, and no delay, particularly upon the part of the litigants, in duly perfecting the appeal, can be countenanced."

To this motion the appellant filed a response on the 17th day of April, 1929, in which is admitted that no petition in error had been filed, and leave was requested therein to file the petition in error attached thereto, "if required." Appellant therein stated: "Initiative Bill No. 100 is a law complete unto itself, * * *" and contended that the statutes and decisions on appeals from other courts are not applicable. Appellant also said:

"We believe the people, in approving Initiative Bill No. 100 by a vote, did so expecting to have established a court where tax levies could be easily and speedily disposed of, and that the only mandatory provisions therein contained is that part of section No. 2 requiring taxpayers to file their protest in writing within 40 days from the date of the filing with the State Auditor of the budgets of the different municipal subdivisions, and that part of section No. 9 providing that refunds must be claimed within six months from the final determination of the illegality of the tax."

Appellant stated that the records in the county attorney's office do not show receipt of notice of filing of the transcript on appeal, but the affidavit of the deputy State Auditor shows the mailing thereof, and appellant must have known thereof, because its brief was filed therein on the 28th day of March, 1929, and bears in print the number assigned to this case.

Appellee filed a reply to the response and a supplemental motion to dismiss, alleging that notice of appeal had not been given within time. We think and hold that there is no merit in that contention. While the record is conflicting as to when the written decision was filed with the State Auditor, that decision could not have recited an appearance by a county attorney and have been filed before that county attorney assumed his office.

The portions of Initiative Petition No. 100 pertinent to this inquiry are as follows:

"* * * It shall be sufficient to perfect such appeal if the appellant shall, within ten days after the filing of such decision of the court with the State Auditor, cause to be filed with the State Auditor a statement in writing that appellant does appeal"

—and:

"The State Auditor shall immediately give written notice by mail to the attorney of record for the protestant and to the county attorney of the fact and date of filing by him of the transcript on appeal with the Clerk of the Supreme Cuort. Within ten days after the filing of such transcript on appeal the party appealing shall file in said cause with the Clerk of the Supreme Court a petition in error, which together with said transcript shall constitute the record on appeal. The appeal shall be docketed and determined without cost to either party and the Supreme Court shall, as soon as practicable, set the case for hearing after briefs have been filed under the rules and orders of the court."

The notice of appeal was filed with the State Auditor in time, and in the language of the act that "perfected the appeal." That was all that appellant was required to do to perfect the appeal. Thereupon it became the duty of the State Auditor to prepare the transcript, file the same with the Clerk of the Supreme Court, and notify the parties thereto by mail of the filing by him of the transcript on appeal with the Clerk of the Supreme Court.

We agree with appellant that Initiative Petition No. 100 is a law "complete unto itself" and that other statutes and decisions with reference to appeals have no application hereto, save only as expressly or by implication made applicable by the provisions of the act. We must look to the act itself for the procedure.

But we cannot hold that the filing with the State Auditor of a decision in writing of the Court of Tax Review and a notice of appeal therefrom invokes the jurisdiction of this court to hear and determine the appeal. This court would have no knowledge thereof and no way of acquiring knowledge thereof. Certainly something else is required to be done to call the matter to the attention of this court. Should the State Auditor not file the transcript on appeal with the Clerk of the Supreme Court, there would be nothing of record in this court. In such a case it is made the duty of this court to "require the State Auditor to file such transcript." How is the attention of this court to be called to such failure? The appellant might not be in any hurry about perfecting the appeal, and for that reason might not call the matter to the attention of this court. In such a case the appellee would be compelled to take action.

Before the jurisdiction of this court is invoked there must be something filed herein other than the transcript on appeal. Under the plain provisions of the act the appellant is required, within ten days thereafter, to file with the Clerk of the Supreme Court a petition in error, that is to say, the appellant must call to the attention of the court the filing of the transcript on appeal, inform this court of the errors claimed to exist in the proceedings, as shown by the transcript, and ask this court for the relief desired. Until that is done, that court would have no way of knowing what errors were claimed or what relief was expected.

This court is required to, "as soon as practicable, set the case for hearing after briefs have been filed under the rules and orders of the court." This court cannot set the cause for hearing until the "briefs" (plural) are filed. The appellee can not file his brief until he has been informed by a petition in error of the errors complained of and the relief requested. The proceedings in this court must, therefore, remain at a standstill until the petition in error has been filed.

In the meantime the county may, without regard to the judgment of the Court of Tax Review, proceed to collect the questioned tax, and the rights of the taxpayer are limited to filing a claim for a refund within six months after the decision on appeal. Appellant contends that the limitation for filing protest and the limitation for filing claims for refund are mandatory and that all other limitations are "merely directory." That contention amounts to simply this: The provisions of the act whereby the county gets the money are directory, but the provisions whereby the county is required to give it back are mandatory.

The purpose of this act was to afford relief to taxpayers and not to counties. The counties needed no relief. They collected the illegal tax and retained all of it except that small part ordered returned through suits in the district courts. The intent of this act was to provide a speedy means by which the taxpayer could be saved the necessity of paying an illegal tax, and if he had paid it, to recover the same. It was for the relief of the taxpayer. Under the procedure followed in this case and contended by appellant to be authorized under the provisions of the act, the purpose of the act is defeated. Followed to a logical conclusion, that contention amounts to this: The county gives notice of appeal and the transcript on appeal is filed with the Clerk of the Supreme Court and notice thereof is given; no petition in error is filed; the time given appellant to brief runs from the filing of the petition in error, and there being no petition in error, the time to file appellant's brief never runs; the time given appellee to brief runs from the filing of the brief of appellant, and there being no petition in error filed, the appellant is not required to file brief, and so the time for filing brief of appellee never runs, and so this court cannot set the case for hearing, for the briefs have not been filed. In this case the record on appeal was filed on February 23, 1929, and appellant's brief was filed on March 28, 1929. Appellant waited 33 days to file brief. As well might it have been delayed longer. Under its contention, there is nothing mandatory as to what it is required to do.

When appellant gives notice of appeal, he either means to appeal or he is "fooling." One might be in good faith when he gives the notice and afterward change his mind. How is appellee to know what his intentions are unless he files a petition in error? There would be but one way to ascertain and that would be, as was done in this case, by filing a motion to dismiss.

There is nothing in this act that requires appellee to do anything until time to file his brief on appeal. This act should not be so construed as to compel the successful party before the Court of Tax Review to move to dismiss an appeal in order that it may be determined whether or not the losing party intends to appeal. The responsibility rests upon the appellant to file a petition in error within the time fixed by the statute, and upon his failure so to do the appeal will be dismissed.

The court, having jurisdiction to hear and determine the appeal, has power to determine whether or not its jurisdiction has been invoked. Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067. The act requires this court to set the cause for hearing after conditions performed. That authority carries with it authority to dismiss the cause where the conditions have not been performed.

It appears from this record that this case was tried and determined by the Court of Tax Review on the 3rd day of January, 1929. Thereafter appellant filed an application for rehearing therein, though no provision is made therefor. Final judgment was not rendered until January 16, 1929. The transcript on appeal was certified by appellant on February 11, 1929, and was filed in this cause on February 23, 1929. On this 20th day of May, 1929, 35 days after motion to dismiss has been filed, no petition in error has yet been filed. It is true that on April 17, 1929, appellant offered to file a petition in error "if required," but there is nothing in this act that requires permission of this court to be given for the filing of a petition in error. The filing thereof is required by the act.

The appellant refers to the objections of appellee as "trivial, hair-splitting requirements which in themselves mean nothing," with which discription this court does not agree. The provisions of this act are mandatory and were adopted by the people to facilitate the dispatch of tax litigation. Where they are not complied with, this court will dismiss the appeal. This record shows, not only a failure to comply with the stat-

utory requirements, but a contention that they need not be complied with.

In view of the public nature of the issue determined by the Court of Tax Review, and for the reason that this is the first time the question raised on the motion to dismiss has been before this court, we think it advisable to say that we have examined the record on this appeal and find that there is no merit in the contention of appellant herein.

The appeal is dismissed.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J., and RILEY, J., absent.