STANLEY, County Treasurer of Marshall County, et al. v. SCHOOL DIST. No. 4.

No. 20869. Opinion Filed April 1, 1930.

E. S. Hurt, Norman Horton, and George E. Rider, for plaintiffs in error.

C. C. Hatchett, for defendant in error.

PER CURIAM. From a judgment of the district court of Marshall county the defendant in error herein took appeal to this court. In an opinion filed in this court March 19, 1929, the judgment appealed from was reversed and the cause remanded to the trial court with directions to enter judgment for the plaintiff in error in the manner and form therein indicated. School District No. 4, Marshall County, v. Stanley, Co. Treasurer, et al., 136 Okla. 14, 275 Pac. 1042, where a full statement of the case may be found. The mandate of this court was issued and spread of record in the trial court on April 22, 1929. On May 14, 1929, the defendant in errors therein, plaintiffs in error in this appeal, made application to this court to file a motion to recall the mandate and dismiss the appeal, which application was denied, and on May 18, 1929, judgment was entered by the trial court in accordance with the mandate of this court. On the same day the plaintiffs in error herein filed their motion to vacate the judgment rendered on said day, which motion in effect is based upon the same grounds as the motion presented to this court where leave to file the same was denied, and in this motion the jurisdiction of the Supreme Court to review the case on former appeal was challenged on the grounds the case-made presented to this court for review was a nullity by reason of defect in the authentication of the same. The trial court denied this motion, and from its order the plaintiffs in error appeal. The record in this cause presents but one question necessary to consider in order to properly dispose of this appeal.

Where, upon remand to it by mandate reversing its former judgment with directions that the trial court render judgment in conformity with the judgment of this court, may the trial court, on motion to vacate final judgment, determine the jurisdiction of the Supreme Court to review its former judgment in the cause?

In Re Magnolia Petroleum Co., 138 Okla. 205, 280 Pac. 574, the rule is announced:

"This court will determine for itself whether its jurisdiction to review the cause appealed to this court has been revoked."

And in Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, where, considering the sufficiency of the record presented to enable a review thereof, this court said it will determine for itself whether the record is such as it has jurisdiction to review.

The issues between the parties were finally determined by this court in the former appeal. The condition of the record had been reviewed and the question thereon, raised by the motion to recall mandate and dismiss the appeal, passed upon by denying permission to file the same, and when in obedience to the mandate of this court the district court of Marshall county rendered judgment in accord therewith, that was the end of the case, and thereafter the judicial power of the court in the case ceased except as to its process to carry into execution the judgment entered in pursuance of the mandate. The motion was not in any manner directed to the process of the court, but sought to impeach the former judgment of this court, which the trial court had no power to review, and by an appeal from its order overruling the motion, to obtain a second review of the cause by this court. Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 Pac. 548. Such practice is intolerable, and the attempt was properly strangled by a prompt denial of the motion by the trial court. The appeal from the order of the trial court denying plaintiffs in error's motion to vacate the judgment is manifestly frivolous and without merit, and upon motion of the defendant in error the appeal is dismissed.