## In re FAUGHT'S PROTEST.
### In re CREEK COUNTY TAX LEVY PROTEST.

No. 20182.   Opinion Filed May 6, 1930.

Grady Lewis, for protestant.

W. F. Pardoe, for protestee.

PER CURIAM. This is an attempt to appeal from the judgment of the Court of Tax Review entered on the 28th day of January, 1929. Notice of appeal was duly given as required by law, and on the 23rd day of February, 1929, a transcript of the proceedings in the Court of Tax Review was filed in this court. The cause is now reached for final determination by this court, and upon an examination of the record in this case it is disclosed that no petition in error has been filed in this court, setting forth wherein it is claimed the Court of Tax Review committed error in the judgment sought to have reviewed, as required by Initiative Act No. 100.

"That portion of Initiative Act. No. 100 requiring the party appealing to file in said cause with the clerk of the Supreme Court a petition in error within ten days after the fi'ing of the transcript on appeal, is mandatory, and where the same is not complied with, the appeal will be dismissed by this court upon its attention being called thereto." In re Magnolia Petroleum Co., 138 Okla. 205, 280 Pac. 574.

No petition in error having been filed in this court, there is nothing before this court for review, and the appeal is dismissed.

Note.—See "Taxation," 37 Cyc. p. 1115, n. 88.

## In re PROTEST OF FRICK-REID SUPPLY CO et al.
### In re CREEK COUNTY TAX LEVY PROTEST.

No. 20167.   Opinion Filed May 6, 1930.

Grady Lewis, for protestants.

W. F. Pardoe, for protestees.

PER CURIAM. This is an attempt to appeal from the judgment of the Court of Tax Review entered on the 28th day of January, 1929. Notice of appeal was duly given as required by law, and on the 23rd day of February, 1929, a transcript of the proceedings in the Court of Tax Review was filed in this court. The cause is now reached for final determination by this court, and upon examination of the record in this case it is disclosed that no petition in error has been filed in this court, setting forth wherein it is claimed the Court of Tax Review committed error in the judgment sought to have reviewed, as required in Initiative Act No. 100.

"That portion of Initiative Act No. 100 requiring the party appealing to file in said cause with the Clerk of the Supreme Court a petition in error within ten days after the filing of the transcript on appeal, is mandatory, and where the same is not complied with, the appeal will be dismissed by this court upon its attention being called thereto." In re Magnolia Petroleum Co., 138 Okla. 205, 280 Pac. 574.

No petition in error having been filed in

this court, there is nothing before this court for review, and the appeal is dismissed.

Note.—See "Taxation," 37 Cyc. p. 1115, n. 88.