## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 21290. Opinion Filed Nov. 11, 1930.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

Randell S. Cobb, Asst. Atty. Gen., for the Attorney General.

John W. Tyree, Co. Atty., and W. T. Dixon, Asst. Co. Atty., for protestee.

ANDREWS, J. The excise board of Comanche county made an appropriation for drag fund purposes for the fiscal year 1929-1930 for each of six townships located in said county, said appropriation in each township being of sufficient size that it required a full two-mill levy to raise the same. No itemization of the appropriation for those respective townships was made. The appropriation in each township was made in a lump sum.

It is the contention of the protestant "that it was the duty of the excise board in making the appropriation for the drag fund for each of these townships to itemize such appropriation, and it being admitted that there was no itemization of the drag fund appropriation, the levy which was made to raise this appropriation was illegal and void and the protest against the drag fund levy should have been sustained. Briefly, this appeal hinges upon the question of whether or not it is necessary for the excise board to itemize a drag fund appropriation made for a township."

The record shows that the evidence of the appropriations was on printed forms prepared by the State Examiner and Inspector, as follows:

"Drag Fund:
"For wages of drag men
"For repairs—dragging equipment
"For dragging equipment
"For interest on warrants
"Total for drag fund"

.—and that the excise board drew a bracket opposite those items and showed the amount appropriated in one sum opposite the bracket.

It is contended that there is no way to tell from the appropriations the purpose for which the money was to be spent and that it was the duty of the excise board in making the appropriations to itemize them in order that the taxpayers might be apprised of the purposes for which it was proposed to use the funds appropriated.

The protestant relies upon the rule announced by this court in Grubb v. Smiley, 140 Okla. 233, 283 Pac. 784, and C. D. Coggeshall & Co. v. Smiley, 140 Okla. 242, 283 Pac. 788, wherein this court held that appropriations for roads and bridges should be itemized. Protestant contends that, since the appropriations for townships are provided for in the same act as that for county roads and bridges, the appropriations should be prepared in the same manner.

While this court in those cases was construing section 9698, C. O. S. 1921, it had under consideration only subdivision A thereof, which deals with appropriations for county purposes, and it did not have under consideration subdivision C, which deals with appropriations for township purposes. The rule announced in those cases is in conformity with the requirements of subdivision A, but there is nothing in the act that requires that construction to be applied to subdivision C. Those cases are not in point.

Subdivision C of section 9698 provides that the appropriations for townships shall be itemized so as to show in separate items the amount of funds appropriated:

First: For salaries and compensation of officers.

Second: For office supplies, blank books, stationery and printing.

Third: For compensation of supervisors and for road work, for building bridges, culverts, and purchase of right of way.

Fourth: For tools and equipment.

Fifth: For such other expenditure as may be necessary and authorized by law, but not therein enumerated.

Appropriations for those purposes are authorized to be made from the township general fund and not from the drag fund, and the appropriation of not more than two mills for drag fund is separate, distinct, and independent of those purposes. There is nothing in the legislative enactments that requires the drag fund to be itemized. That fund is to be used for the purposes enumerated in section 10203, C. O. S. 1921, and for no other purpose. The form, as prepared by the State Examiner and Inspector, was

erroneous. It should have provided for a drag fund, and the appropriation should have been made for a drag fund. We think that the bracketing of the form and the making of the appropriation in one lump sum was in conformity with the express provisions of the law, although it did not conform with the requirements of the State Examiner and Inspector.

We find no error in the judgment of the Court of Tax Review, and that judgment is affirmed.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., absent.

## On Rehearing.

ANDREWS, J. On motion to dismiss, filed after the promulgation of the opinion herein, our attention is called to the fact that notice of appeal was given by the protestee from that portion of the judgment of the Court of Tax Review adverse to it and that the opinion herein did not dispose of the issues involved in that appeal. The transcript of the record was dated April 30, 1930, and was filed in this court on April 30, 1930. The protestee received notice of the filing thereof through a letter from the secretary of the Court of Tax Review, dated May 20, 1930, advising protestee that the transcript had been filed in the Supreme Court and stating the number thereof to be 21290. Thereafter, the protestee filed its answer brief herein answering the contentions of the protestant made on its appeal and making no reference to its cross-appeal or that portion of the record wherein the Court of Tax Review held against the contentions of the protestee.

In Re Protest of Magnolia Petroleum Co., 138 Okla. 205, 280 Pac. 574, this court held:

"That portion of Initiative Act No. 100 requiring the party appealing to file in said cause with the Clerk of the Supreme Court a petition in error within ten days after the filing of the transcript on appeal, is mandatory, and where the same is not complied with, the appeal will be dismissed by this court upon its attention being called thereto."

That holding was in conformity with the provisions of the Initiative Act. Under the facts shown by the record in this case, it is inapplicable in that notice of the filing of the transcript on appeal was not given the protestee within ten days after the filing of the transcript on appeal. The true rule is that that portion of Initiative Act No. 100 requiring the party appealing to file in said cause with the Clerk of the Supreme Court a petition in error within ten days after the filing of the transcript on appeal, means within ten days after notice of the filing of the transcript on appeal, and is mandatory, and where the same is not complied with, the appeal will be dismissed by this court upon its attention being called thereto. Under that rule no appeal was ever perfected by the protestee, and that portion of the judgment of the Court of Tax Review adverse to the protestee is affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. HUNT and RILEY, JJ., absent.