### PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 23441. Opinion Filed May 10, 1932.

The record shows that the budgets were filed with the State Auditor under date of November 24, 1931; that on December 31, 1931, the protest was mailed by registered mail, properly addressed, with postage prepaid to the State Auditor at Oklahoma City by the protestant at Ft. Worth, Tex.; that it arrived at Oklahoma City on January 1, 1932, and that on that date the postmaster at the Capitol Station in Oklahoma City placed a registry notice in the mail box rented by the State Auditor for the purpose of receiving mail addressed to him. On January 4, 1932, the postmaster verbally notified one of the employees in the auditor's office that the registered package was in the post office. On January 5, 1932, the package was delivered by the postmaster to one of the employees of the State Auditor, who transported it to the office of the State Auditor, where it was marked filed "January 4, 1932." At the hearing of the protest, the protestee moved to dismiss, and that motion was sustained.

The protestant contends that there was a substantial compliance with the provisions of Initiated Act No. 100 and that substantial compliance is all that is required by the provisions of that initiated act. The act provides that within 40 days from the date of the filing with the State Auditor of the budgets, any taxpayer may file a protest in writing with the State Auditor against any alleged illegality of any appropriation or levy, and that, if no protest is filed by any taxpayer within said 40 days' period, all appropriations and levies not protested shall be deemed to be legal. It is our opinion and we hold that the provision of the act is mandatory. We held to the same effect in Protest of Chicago, R. I. & P. Ry. Co., 146 Okla. 23, 294 P. 169, and in Re Magnolia Petroleum Co., 138 Okla. 205, 260 P. 574. The purpose of the act was to provide a speedy method for the determination of the legality of appropriations and tax levies. That purpose can be served best by enforcing the procedural requirements of the act.

The protestant contends that the Court of Tax Review was in error in dismissing the protest for the reason that it had jurisdiction to hear and determine the same. We cannot so hold. The Court of Tax Review has no authority to consider a protest as to an appropriation or levy for any county or municipal subdivision thereof which is not filed with the State Auditor within 40 days after the filing with that

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

Jerome Sullivan, County Attorney, and Arthur J. Marmaduke, Asst. County Attorney, for protestee.

ANDREWS, J. This is an appeal from a judgment of the Court of Tax Review dismissing a protest to certain tax levies for Stephens county for the fiscal year commencing July 1, 1931. The protestant contends that the protest should not have been dismissed.

officer of the budgets and levies sought to be protested.

Paraphrasing the language of this court in Home Savings & Loan Ass'n v. Rounds-Porter Lbr. Co., 80 Okla. 201; 195 P. 479, enclosing a protest of appropriations and tax levies in an envelope addressed to the State Auditor, with postage prepaid, and depositing the same in the United States mail within time to reach the office of the State Auditor, is not a compliance with the provisions of Initiated Act No. 100. The protest therein authorized must be actually filed with the State Auditor within the time prescribed by the act. As said by this court in State Nat. Bank v. Lowenstein, 52 Okla. 259, 155 P. 1127, the date of filing papers is that upon which they are deposited with the proper custodian, and not the date upon which they are marked filed.

The Court of Tax Review did not err in dismissing the protest, and its judgment is affirmed.

RILEY, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent. CULLISON, J., dissents.

Note.—See under (4) 23 R. C. L. 185, 186; R. C. L. Perm. Supp. p. 5321; R. C. L. Pocket Part, title Records, § 42.