## KAWFIELD OIL CO. v. ILLINOIS REFINING CO.

No. 21825.  Sept. 18, 1934.

Wilcox & Swank, for plaintiff in error.

A. B. Honnold, Streeter Speakman, and Paul Avis, for defendant in error.

PER CURIAM. Plaintiff in error was defendant in the trial court, and the defendant in error was plaintiff there. The parties will be referred to herein as they appeared in the trial court. In that court on the 17th day of April, 1926, the plaintiff commenced the action to recover approximately $154,000 alleged to be due it from the defendant through the joint ownership and operation

of certain oil properties in Creek county, Okla. Plaintiff alleged that the amount owing could not be determined without an accounting, and that such indebtedness arose through expenses incurred in the operation of the properties by the defendant; that the defendant had not for a long time made any adjustments with the plaintiff; that defendant had incurred much indebtedness; had not paid legal and proper claims; had been involved in much litigation, and that the joint affairs of the companies were in such a condition that it was necessary to have an accounting, and that a receiver be appointed to take charge of the properties. Upon proper application a receiver was appointed and took charge of the joint properties.

From time to time the receiver applied to the court for orders and instructions. Under these orders the receiver employed counsel, settled law actions, paid various and sundry claims and compromised differences. Every three months he made a report of his doings.

It was many months before the issues were made up in the case. The answer, when it was filed, set up that there was no amount owing the plaintiff, because the differences between the parties had been settled and adjusted by a contract entered into between the plaintiff and defendant in August, 1923, whereby the defendant agreed to have its actual interest in the properties fixed at 3/23 thereof instead of 1/3 as its interest had been before that time, and that the plaintiff's interest should be 20/23 instead of 2/3 as it had been, and in consideration of such agreement the indebtedness running from the defendant to the plaintiff should be satisfied. Later, an amendment to the answer raised a question of jurisdiction, by alleging that both parties were corporations of the state of Illinois, and that this action was an attempt to exercise visitorial powers over foreign corporations. The reply admitted the agreement set up in the answer, but asserted that the defendant had not performed under its terms, in that it had failed and refused to convey to plaintiff the interest in the property agreed upon; and denied the other material allegation. On the trial the court found for the defendant, but required that the defendant make conveyance of said interests to the plaintiff.

The judgment in the main action became final, but the controversy arises because of certain acts of the receiver and the refusal of the court to reconsider a report made by him and approved January 26, 1929. The receiver had made numerous reports to the court, and no exceptions had ever been filed to any of the reports, until the receiver filed a summary report of all his proceedings on January 26, 1929. In this report, among other things, he reported the employment of attorneys and the amount paid them; that in a certain transaction with T. B. Slick he had entered into an agreement under order of the court to settle a law action which he had filed and modifying the manner and time of paying certain moneys owing by Slick to the plaintiff and defendant jointly; and asked that his compensation as receiver be fixed and allowed. This report was approved by the court on the day it was filed and the receiver was directed to close up other matters and make his final report within ten days. Defendant excepted to the order of the court. The final report was filed on February 4, 1929. On this date the defendant filed its motion to reconsider the report of the receiver filed and approved on January 26, 1929, but this motion was not presented to the court until July 14, 1930, when it was denied. Exception was taken and the appeal is taken from that order.

The plaintiff asks that the appeal be dismissed, and assigns as a reason that the motion is to reconsider a receiver's report and does not ask that the order approving such report be vacated. However, the motion is broad enough, we think, to be considered by the court as an application to vacate the order and to reconsider the report. Certainly, that must have been the purpose of the motion. But is the order approving the report a final order from which an appeal may be had? If that order is not a final order, then no appeal will lie from the action of the court in denying a motion to vacate it.

In Vann et al. v. Union Central Life Insurance Co. et al., 79 Okla. 17, 191 P. 175, our Supreme Court, having under consideration a case involving this question, held:

"An order of the court overruling a motion to vacate a judgment on the ground that it is void on its face is a final order, to reverse which a proceeding in error may be prosecuted in this court. * * * To hold otherwise is to make the trial court the court of last resort in an attack on a judgment by a method expressly provided by statute for testing its validity. It is an order affecting a substantial right. It is not an interlocutory order. It is final. As

said by Lord Alverstone, C. J., speaking for the English Court of Appeals: •

"'The test as to whether an order should be considered final or interlocutory is this: If the order finally disposes of the rights of the parties, it ought to be treated as final; if, on the other hand, further proceedings are necessitated, it ought to be treated as interlocutory.' 2 Standard Proc. 166."

And this court has consistently held that "an order of the court overruling a motion to vacate a judgment * * * is a final order, to reverse which a proceeding in error may be prosecuted." Likewise, an order overruling a motion to vacate a final order is a final order from which an appeal may be prosecuted. The order of the court approving the summary report of the receiver finally disposed of numerous rights of the parties in this litigation, involving the payment of attorney fees, settlement of the law action with T. B. Slick, and certain other matters complained of by the defendant. In these respects the order was final, and when the trial court denied the motion to reconsider, that order itself became an appealable order. Taking this view of that proposition, we hold the motion to dismiss the appeal should be denied.

The next proposition is that the court did not have jurisdiction to appoint a receiver or to order an accounting or to entertain the action, for the reason that it involves the attempted exercise of visitorial powers over foreign corporations. It is asserted that, since both corporations were Illinois corporations, no action would lie except in the courts of that state, involving such visitation and supervision. The properties involved in this action were situated in Oklahoma, and it does not appear from any of the issues made in the case that there was any intention that there should be visitation in the sense complained of. This question, as we view it, is not properly in the case. This action is brought under the procedure provided in our statutes. Section 5441, C. O. S. 1921, provides:

"Any foreign corporation, doing business in the state of Oklahoma, and any person now or hereafter having any cause of action against such corporation, arising on contract, tort or otherwise, may file suit in any county in the state of Oklahoma, where the plaintiff resides, or where said corporation has its principal place of business, or has property, or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had."

In this state one foreign corporation may maintain an action against another foreign corporation if such action could be maintained by an individual, or by a domestic corporation. It seems that by "visitation," as applied to corporations, is meant, in law, the act of a superior or superintending officer who visits a corporation to examine into its manner of conducting business and to enforce an observance of its laws and regulations. (Words and Phrases, 2d Series, vol. 4, p. 1190.)

And, under a proper state of facts set forth in a petition as in this case, a court is authorized to appoint a receiver for the property of a corporation within its jurisdiction. Fletcher on Corporations, section 5794, says:

"A court of equity, however, has general power to appoint a receiver of the assets of a foreign corporation which are within its jurisdiction, as this does not involve an interference with the internal affairs and management of the corporation."

While it is true that courts of one state have no jurisdiction to exercise visitorial or supervisory powers over the management of internal affairs of a corporation organized under the laws of another state where it is domiciled, we hold that no such condition or situation was in contemplation under the petition in this case.

The next proposition is that the action was not brought by the plaintiff in good faith, and that $25,000 was obtained by the receiver in the T. B. Slick settlement and not divided according to the theory of the plaintiff's petition as to the interests of the parties. In the petition the plaintiff alleged that the interests of the parties were 2/3 for the plaintiff and 1/3 for the defendant. When the defendant answered, it set up the contract of August, 1923, in which it asserted that interests of the parties were thereafter to be 20/23 to the plaintiff and 3/23 to the defendant. The trial court found this issue for the defendant, and in the judgment entered required the defendant to execute conveyances to adjust the equities of the parties in the property in accordance with that finding. When the Slick settlement was made and the $25,000 apportioned, it was in accordance with the order of the court. This finding was acquiesced in by both parties, and this objection comes too late. Both parties accepted benefits from this settlement. And, in the judgment on the merits in the main action as finally entered, the plaintiff received about 20 per cent. greater interest

in the jointly owned property than it had before. We think this contention is without merit.

The defendant contends that the settlement made by the receiver with T. B. Slick should be set aside because it is not binding on the defendant; that the settlement was objectionable to the defendant and was made without notice. This settlement was made by the receiver, after application for an order and instructions, and such order was made by the court. From a reading of the record it occurs to us that there was benefit in this settlement to both parties. The court had directed that an action be brought against Slick on a contract entered into with him by the parties to this action, made in the name of Kawfield Oil Company. That Slick was in default is apparent, and when the action was filed it was proposed that the amount remaining unpaid on the contract which embraced certain leases be adjusted by permitting Slick to pay $25,000 in cash and to pay the remainder from the oil produced. The effect of this settlement was to accelerate the payments which had been agreed upon in the original contract with Slick. The trial court had this matter before it on several occasions and found that such settlement was beneficial to the parties, and this court is of the opinion that the settlement was fair to all parties concerned.

The defendant complains that the fees paid for attorneys for the receiver and the receiver's fees were not properly chargeable against the estate of the defendant company. This proposition is presented chiefly on the fact that in the main action the issues were found for the defendant, that is, that the amount claimed to be due from the defendant to the plaintiff had been settled between them by the terms of a contract entered into in August, 1923. But the court further required the defendant to make certain adjustments to consummate the performance of this agreement; and this was not done until the receiver had handled the affairs of the parties for many months. Both parties had asked and obtained orders from the court directing the receiver to pay out certain moneys and to perform certain other acts. Attorneys for the defendant obtained an order from the court directing the receiver to pay its attorneys $1,100. In the final report of the receiver, it is shown that the defendant company received a balance due it from the receiver of $940. In Tardy's Smith on Receivers, vol. 2, p. 1754, it is said:

"It thus appears that the mere fact that a party is successful on the merits of the action giving rise to the appointment of a receiver is not conclusive in determining who shall bear the expenses of such receivership. It is generally accepted that, in the absence of a statute, the expenses of a receivership, as between the parties, should be adjudged upon equitable principles. 34 Cyc. 364, Geer v. Finn (Mich.) 163 N. W. 20. In accordance with such rule, the courts exercise large discretion in determining who shall pay the expenses of receiverships and assess the same against the fund, or against either party, or apportion them, according to the justice and equity of each case."

No objection was ever made to the appointment of the receiver at any time prior to the judgment rendered in the main case. Then an application was made to discharge the receiver by the defendant. It appears that the defendant company was in serious condition at the time the action was brought. It was not meeting its obligations; several actions had been filed against it; some judgments had been obtained; it had not been active in the operation of the joint affairs of the companies. The receiver proceeded with diligence to carry on the business as to the joint property, settled its lawsuits, adjusted its differences, and closed up the affairs with dispatch. The court gave orders and instructions in the matter of expediting the business of the parties, and it appears that no error was committed by the court in its order approving the reports made by the receiver. Finding no error in the ruling of the court in its order denying the motion of the defendant to reconsider the report of the receiver, that order is affirmed.

The Supreme Court acknowledges the aid of District Judge E. L. Mitchell, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.