### BRANN, Rec., v. HARRIS et al.

No. 23923.   March 26, 1935.

Rehearing Denied July 9, 1935.

S. J. Montgomery and Mather M. Eakes, for plaintiff in error.

Charles G. Watts, A. A. Hatch, J. T. Smith, S. E. Gidney, Gidney & Gidney, W. T. Hunt, Owen J. Watts Clyde J. Watts, Watts & Watts, Turner, Turner & Parris, John L. Maynard, and Albert C. Hunt, for defendants in error.

WELCH, J.  This is a companion case to No. 23694, James A. Harris et al. v. Isom Grayson et al., 173 Okla. 163, 47 P. (2d) 879.

The Grayson Case was an action by a large number of plaintiffs to recover title and possession of real estate. The action involves oil lands in Creek county, and was instituted in 1914.

Soon after the action was commenced James Brann was appointed receiver to have possession of the land and develop it for oil and gas, and to manage and operate the properties and conserve and sell the production. He served as receiver until final judgment was rendered in the district court of Creek county in January, 1932. He filed his final report as receiver, to which the plaintiffs in the title action filed exceptions. On the 23rd day of January, 1932, the trial court rendered final judgment on the receiver's report, allowing a great many items and disallowing some items and making some surcharges against the receiver.

From that judgment the receiver appealed, and urges, in substance, that the court did not allow sufficient compensation for the receiver, nor sufficient compensation for the bookkeeper of the receiver, nor sufficient compensation for the attorney for the receiver, and that the court erred in making surcharges against the receiver.

The plaintiffs in the title action, by cross-appeal here, urge, in substance, that the court allowed too much as receiver's compensation, and as compensation for receiver's bookkeeper, and as compensation for receiver's attorney, and that larger sums should have been surcharged against the receiver.

The receivership extended over a long period, during which time the title action in various phases was heard several times in the trial court, and was presented in this court on various appeals, and was on two separate occasions presented to the Supreme Court of the United States. During the period of receivership the receiver developed the property and managed the oil and gas production, and sold and collected for oil and gas.

The court allowed the receiver compensation in the sum of $22,536.68, and compensation for his bookkeeper in the sum of $4,373.34, and compensation for his attorney in the sum of $800. The court surcharged the receiver with $9,907.73, which had been erroneously disbursed by the receiver to the defendants in the title action, and the sum

of $9,880.07, representing the value of gas sold, but not correctly accounted for.

It is first contended by the receiver that the trial court was without jurisdiction after June, 1923, on account of an alleged final judgment rendered in the trial court on June 2, 1923. In reference thereto the facts are that the title action was in this court on appeal, and on May 29, 1923, an opinion of this court was filed in the case. The mandate should not have been issued for 15 days, but by some inadvertence it was issued in three days, or on June 1st, and was filed in the court below on June 4th. Thereafter, on June 11th, this court ordered the recall of the mandate, and the cause thereafter went from this court to the Supreme Court of the United States for review there. Prior to recall of the mandate, and for that matter even prior to the filing of the mandate in the trial court, that is, on June 2d, the trial court ordered the receiver to file final report. The receiver did file final report pursuant to that order of June 2d, and that final report was approved on July 9, 1923, and the receiver was ordered to make certain final disbursements among the parties, but long before that order was made, and even before the report was filed, this court had recalled the mandate from the trial court, as this court clearly had the right to do. The parties had the right to take their cause from this court to the Supreme Court of the United States, and that right could not be defeated by the inadvertent and premature issuing of the mandate to the trial court. As soon as the attention of this court was directed to the fact that the mandate had been inadvertently issued, it was the duty of this court to recall the mandate, on application of any interested party, or on its own motion if it appeared necessary and proper. See Ehrig v. Adams, 67 Okla. 157, 169 P. 645. That having been done, the cause thereafter stood as if no mandate had been issued, and the trial court had no right to proceed as if the case were closed while it was still pending in this court, and in the Supreme Court of the United States.

If the trial court in thereafter proceeding was in the position of passing upon the right of this court to recall the mandate, that matter could not be properly considered or passed upon by the trial court. Stanley, County Treasurer, v. School District No. 4 of Marshall County, 142 Okla. 240, 286 P. 340.

Thereafter, the appeal in this court was determined by opinion of this court reported in 146 Okla. 291, 294 P. 187, and by that opinion the cause was remanded to the trial court for further trial upon one branch of the title suit. That hearing and determination was necessary to finally determine the rights of the parties in the title suit. That final hearing was had in the trial court in January, 1932. The trial court also in 1932, as above stated, rendered final judgment on the receiver's report. All this was in the correct discharge of the duties of the trial court, and we are wholly unable to follow the argument of the receiver that after June, 1923, the trial court had no authority to proceed in the receivership matter. During all of the time from June, 1923, until final judgment on his final report in 1932, the receiver acted in the management of the property and the collection of money. It is difficult to understand how it can be argued that the court was without authority to require an accounting for that period and to pass upon the final report of the receiver.

As to the amounts of the allowances and surcharges, the record and briefs are very voluminous, dealing in much detail with the many contentions of the parties. Much space would be required to state all of the detailed contentions. There is no necessity therefor, nor would such statement serve any useful purpose. We have examined the record and considered the arguments as to each contention. Large sums were allowed to the receiver for himself and for bookkeeping expenses, but the receivership extended over a long period, and valuable property was involved and large sums of money were handled. We are convinced that those allowances were reasonable in view of the circumstances of the case, and that such allowances are amply sustained by the evidence. The receiver's attorney did not represent him throughout his period of services as receiver, but did serve as his attorney for several months, and prepared or aided in the preparation of the report covering the entire receivership, and aided in the detailed presentation of the report to the court, which required considerable time. Testimony was introduced as to the value of the services of the attorney, and in view of the circumstances, we think that allowance was reasonable, and we find it amply supported by the evidence. Without reciting the minute details, we find no error in any surcharge against the receiver. All are fully sustained as being proper under the evidence.

The plaintiffs contend that the receiver, prior to his appointment, agreed to serve without compensation. This was disputed.

No reference to any such agreement appears in the record of the application for appointment, or in the making of the appointment. That issue, along with the others, was submitted to and passed upon by the trial court. The record sustains the conclusion of the trial court.

In passing upon the receiver's final report we do not find that the trial court committed any error, or that there was any violation of his duty or abuse of discretion. The contest upon the receiver's report was vigorous, and the trial thereon was thorough and fair, and the conclusion thereon in all respects reasonable and well sustained by the evidence.

The judgment of the trial court on the receiver's report as rendered on January 23, 1932, is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.