### HARRIS et al. v. GRAYSON et al.

No. 23694. March 26, 1935.

Rehearing Denied July 9, 1935.

John C. Graves and F. E. Riddle, for plaintiffs in error.

Wm. Neff, A. A. Hatch, Chas. G. Watts, and Clyde J. Watts, for defendants in error.

WELCH, J. This suit was originally filed in the district court of Creek county, by Isom Grayson et al. against James A. Harris et al. to recover an undivided one-half

interest in lands allotted to Nancy Colbert and Garfield Colbert, freedmen citizens of the Creek Nation. The cause, in various phases, has received the consideration of this court on several occasions, and has been presented to the Supreme Court of the United States on two occasions, all as shown by the last opinion of this court reported as Harris v. Grayson, 146 Okla. 291, 294 P. 187. In that opinion, prepared for this court by Mr. Justice Andrews, this court reversed the trial court and remanded the cause for further proceeding in the trial court. This court said in its opinion:

"In the opinion of this court there is but one issue undetermined and which should be heard by the trial court. That is, did Brann and Butte hold possession of this property adversely to the rights of the plaintiffs for a time sufficient, tacked to the adverse possession of the defendants, to bar the plaintiffs under the statute of limitations? As to that question we express no opinion. In determining that question the trial court should consider all of the competent evidence necessary to the determination thereof, including any competent evidence offered in support of the plaintiffs' contention that the possession of Brann and Butte was not adverse possession for the reason that Brann and Butte were cotenants with the plaintiffs.

"The cause is reversed and remanded to the trial court, with instructions to vacate the judgment and grant a new trial and to take such further proceedings as are consistent herewith."

This disposition of that appeal was necessary because the trial court had refused to consider one of the features of the defense of the statute of limitations, and had rejected proffered testimony as to the adverse possession held by James Brann and George C. Butte. The defendants, as one ground of defense, had pleaded the statute of limitations, and it was their contention that they and their grantors, Brann and Butte, had held adverse possession of the lands for a sufficient length of time continuously to bar plaintiffs' action. When the former trial court refused to hear testimony as to this matter, that necessitated the reversal of the cause, as was done by that opinion reported in 146 Okla. 291, 294 P. 187.

This court's mandate was spread of record in the trial court and new trial had; the defendants filing amended answer.

The matter had by previous decision of this court been settled in so far as concerned any question as to descent and heirship, and upon this last trial the trial court heard the cause only as to the possession and occupancy of the premises by Brann and Butte, in so far as the same would affect the statute of limitations so as to bar plaintiffs' action.

The land involved was in seven separate parcels, one 40-acre parcel touched or cornered with another parcel of 80 acres. No other two of the parcels of land involved touched or adjoined. The northernmost parcel was situate more than eight miles from the southernmost parcel, and all of the several tracts or parcels were separated varying distances apart, except the two which cornered as above stated.

The trial court, after conducting new trial as directed by this court, and after hearing the testimony as to the prior Brann and Butte possession, which had theretofore been rejected, and upon consideration of all the evidence, found that Brann and Butte did occupy and possess one 40-acre parcel of the land in dispute, but that such possession did not embrace and include the 80-acre parcel cornering with the 40-acre tract occupied. The trial court further found that neither Brann nor Butte occupied or possessed either or any of the other five separate tracts or parcels of the land. The 40-acre tract first above mentioned was held and occupied by Brann and Butte until about 1912, when the defendants Harris went into possession. The prior possession of their grantors, Brann and Butte, should have been tacked to their possession in computing the aggregate duration of the open, notorious, adverse possession. It was clearly so held by this court in the former appeal, 146 Okla. 291, 294 P. 187. The action was originally commenced in 1914.

The trial court in this last trial, now on review here, calculated the aggregate period of adverse possession from the commencement of the Brann and Butte possession to the commencement of this action in 1914, and held such aggregate adverse possession operated as a bar to those of the plaintiffs who were adults, but not as a bar to the claim of any of the plaintiffs who were minors at the time of the commencement of the action in 1914.

There were numerous parties plaintiffs, about 140 in number, part of them were minors at the commencement of the action, while others were not under such disability.

Following these findings, the trial court rendered its judgment partly in favor of the plaintiffs, and partly in favor of the defendants.

The defendants appeal, and assert that

the judgment of the trial court is erroneous. Defendants contend that the trial court, by the mandate of this court, was precluded from rendering the judgment which was rendered. It seems to be the defendants' theory that the former opinion of this court (146 Okla. 291, 294 P. 187) finally adjudicated the fact that Brann and Butte did actually possess and occupy each and all of the seven tracts or parcels of land, and that such possession would bar plaintiffs' action if it existed for a sufficient length of time, whether plaintiffs were under disability of minority or not.

The plaintiffs, by cross-appeal, assert that a portion of the trial court's judgment was erroneous in that the trial court erred in finding that Brann and Butte in fact occupied and possessed even the one 40-acre parcel or tract of the land involved. As to this contention of the plaintiffs, we have examined the record, and, while some of the details of testimony are not wholly clear, yet we must conclude that the evidence fairly sustains the findings made by the trial court that Brann and Butte did in fact occupy and possess the 40-acre tract, and that such possession was adverse, open, and notorious. The same consideration of the evidence, however, indicates that the court was correct in its findings that Brann and Butte did not occupy or possess any or either of the other tracts of the land involved. One of the other tracts being an 80-acre tract, touched or cornered with the 40-acre tract so occupied and possessed. That occupancy and possession of the 40-acre tract might or might not have embraced and included occupancy and possession of the 80-acre tract. That was a question of fact. The conclusion of the trial court that Brann and Butte did not occupy and possess that 80-acre tract is not contrary to the weight of the evidence. Likewise, it was a question of fact whether Brann and Butte occupied and possessed any or either of the remaining separate tracts. These remaining tracts were all separate, varying distances one from the other. Titles thereto were from different sources; they were not occupied and possessed by Brann and Butte, and the trial court properly so found.

As to the defendants' contention that the trial court was without authority to hear the testimony presented, and make the various findings made by the trial court, we observe that at the former trial of the cause, before the filing of this court's opinion reported in 146 Okla. 291, 294 P. 187, the trial court refused to hear any testimony as to the occupancy and possession of these various tracts of land by Brann and Butte for the many years prior to 1912. Therefore, there was no evidence in the record from which the trial court on the former trial, or this court in its opinion reported in 146 Okla. 291, 294 P. 187, could have determined and found whether Brann and Butte occupied all of the seven tracts of land, or only one or more than one of them. In rejecting that evidence at the former trial, it was apparently the theory of the trial court that the possession of Brann and Butte, whatever that possession amounted to, and however much of the land it embraced, could not be tacked to the possession of the defendants Harris so as to aggregate an adverse possession that would bar the plaintiffs' action. That legal conclusion of the trial court in the former trial was erroneous, and it was reversed in the opinion of this court reported in 146 Okla. 291, 294 P. 187; this court holding that the prior possession of Brann and Butte could be, and should be so tacked to the possession of the defendants Harris, and that the aggregate adverse possession up to the commencement of the action might be relied upon by the defendants Harris to bar the action. But in the opinion of this court reported in 146 Okla. 291, 294 P. 187, this court could not say, and did not say, which of the seven tracts or parcels of land were so occupied and possessed by Brann and Butte; that could not be determined by any court until the evidence in reference thereto had been considered. That evidence had not been considered, but, on the contrary, had been erroneously rejected. It was the purpose of this court in remanding the cause by its opinion in 146 Okla. 291, 294 P. 187, to require the trial court to admit testimony relative to that matter. If the trial court had proceeded correctly at the former trial, and had admitted testimony as to the possession of Brann and Butte, then surely at that trial the trial court could have determined whether Brann and Butte occupied and possessed one or all of the seven tracts, and likewise, if it had been justified by the evidence, the trial court could then have determined that Brann and Butte did not so occupy and possess the remaining six tracts or parcels of the land involved. When the trial court refused to admit any of the evidence as to possession by Brann and Butte, and when this court, by its opinion in 146 Okla. 291, 294 P. 187, reversed that judgment, and remanded the cause, and directed the trial court to hear that evidence, we are

unable to follow the defendants' argument that that opinion of this court amounted to a determination of the character and extent in area of the possession of Brann and Butte, leaving for determination of the trial court only the narrow issue as to the duration of the Brann and Butte possession.

If the trial court at the former trial had admitted the evidence as to the Brann and Butte possession, and had determined the duration and extent in area of that occupancy and possession, then the trial court should, and doubtless would, have applied the aggregate of the adverse possession of Brann and Butte and the defendants Harris to the claims of the plaintiffs, and would have held the adult claims to be barred by such adverse possession, but would at the same time have held that the claims of plaintiffs, under disability of minority at the time of the commencement of the action, were not so barred. When the trial court erroneously rejected evidence of the Brann and Butte possession, and that judgment was reversed, and the cause remanded with directions to admit and consider that evidence, we are unable to follow defendants' contention that the opinion of this court reported in 146 Okla. 291, 294 P. 187, was a holding that the aggregate adverse possession would operate as a bar to the claim of the minor plaintiffs. That determination could not have been made by the trial court on former trial, nor by this court in that opinion, for the reason that the evidence had been rejected, and that determination could not be made by any court until the evidence had been heard and the facts determined as to the adverse possession.

When this court remanded the cause by its opinion reported in 146 Okla. 291, 294 P. 187, the direction to the trial court was clear. It was then the duty of the trial court to grant a new trial and hear and consider all of the competent evidence relating to the remaining issue and make its determination thereon, and render its judgment.

This the trial court did, with the result above noted.

The defendants Harris do not question the rule of law that the adverse possession did not operate to bar the claim of those of the plaintiffs who were minors at the commencement of the action. Nor do the defendants contend that possession of one of several widely separated tracts or parcels of land would necessarily impute or imply or embrace or include adverse possession of all such separate tracts or parcels. But rather it is the contention of the defendants that the trial court was so restricted by the opinion of this court reported in 146 Okla. 291, 294 P. 187, that the trial court had nothing to determine but the date of the commencement and the duration of the Brann and Butte possession. Even that determination could hardly have been made without at the same time determining the extent in area of the Brann and Butte possession. We cannot follow defendants' argument for the reasons heretofore stated.

The defendants Harris do contend that the occupancy and possession of the 40-acre tract by Brann and Butte did include possession and occupancy of the 80-acre tract, because the corners of the two tracts touched each other at the corner point. We conclude that to be a question of fact, and the court's determination that the 80-acre tract was not occupied or possessed is supported by the evidence.

From an examination of the entire record we conclude that the trial court proceeded properly in the retrial of the cause (in permitting defendants to file amended answer), and in hearing all of the competent evidence as to the occupancy and possession of Brann and Butte; that the findings of fact made by the trial court are sustained by the evidence; that the conclusions of law made by the trial court are correct; that the aggregate adverse possession on which the defendants Harris were entitled to rely was sufficient to bar adult plaintiffs; but was of no effect as a bar to the claim of those plaintiffs who were under the disability of minority at the commencement of the action in 1914. We find no error in the judgment of the trial court.

This disposes of the contentions of the defendants Harris, as plaintiffs in error, and the cross-appeal of the plaintiffs.

There is also involved here the cross-appeal of James Brann, receiver. The lands here involved produced oil, and to conserve the property James Brann was appointed receiver and continued to operate the properties and hold the proceeds for final distribution after determination of the rights of the many parties and claimants. After final judgment settling the receiver's accounts, fixing compensation and attorney's fee, the receiver appealed. The original plaintiffs in the action also appealed from that judgment. That appeal is docketed here as No. 23923, James Brann, Receiver,

v. James A. Harris et al., 173 Okla. 167, 47 P. (2d) 876, and is disposed of by opinion therein.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.