PICKETT, Gdn., v. SECURITY NAT. BANK OF DUNCAN et al.

*96 P. 2d 29.*

No. 29064.　Oct. 24, 1939.

Rehearing Denied Nov. 28, 1939,.

H. B. Lockett, of Duncan, for plaintiff in error.

J. W. Marshall, of Duncan, for defendant in error W. S. McCaskill.

S. H. Singleton, of Duncan, for defendants in error W. S. McCaskill and Russell Rowell.

Bond & Bond and Gilbert H. Bond, of Duncan, for defendant in error Security National Bank of Duncan.

WELCH, V. C. J.　This is the second appeal of this cause. The original judgment in the county court was for the defendants. The plaintiff appealed and that judgment was reversed, and the cause remanded with directions to grant plaintiff a new trial. Pickett v. Security National Bank of Duncan et al., 171 Okla. 171, 42 P. 2d 243, and the opinion and mandate out of this court was received and filed in the county court.

When the matter was next reached in the county court, that court did not accord plaintiff a new trial, but dismissed the action upon the conclusion of that court that this court acted without jurisdiction in reversing the original judgment, and in remanding the cause with directions to grant a new trial. It is from that judgment of dismissal that this second appeal is prosecuted.

The conclusion of the county court in determining that this court acted without jurisdiction in reversing the original judgment was based upon the theory that between the rendition of the original judgment and the lodging of the first appeal in this court the plaintiff had not protected her right to appeal by timely action as to motion for new trial and as to instituting her proceedings in error here. The theory being urged and followed in the county court that that court had the power to check into such matters and to determine them.

Thus we are presented with the question whether the county court, after being reversed upon appeal, with directions to grant new trial, has the power to consider whether this court had jurisdiction to reverse and remand, and has the power to determine that this court acted without jurisdiction and to thereupon ignore directions for new trial and dismiss the action for lack of jurisdiction.

To state the question would seem to determine it. If there were errors in lodging the first appeal in this court or if there were fatal errors preliminary thereto, those matters might have been presented to this court by way of testing the jurisdiction in the former appeal. But when the former appeal was lodged here and this court accepted and exercised jurisdiction of the appeal and reversed the judgment, and remanded the cause for a new trial, then the county court was without power to review the decision of this court or test the validity thereof upon jurisdictional grounds, or upon any other grounds. Undoubtedly the duty of the county court was plain to vacate the original judgment for defendant and to grant plaintiff a new trial. Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 P. 548; Stanley, County Treasurer of Marshall County, et al. v.

94

School District No. 4, 142 Okla. 240, 286 P. 340; Carlock et al. v. Chapman, Same v. Walden, District Judge, et al., 165 Okla. 23, 24 P. 2d 661; Welch v. Welch, 177 Okla. 330, 58 P. 2d 896, and Wagner et al. v. Earp et al., 180 Okla. 59, 67 P. 2d 782.

It is not necessary to detail or dwell upon the evils which might result if a trial court, upon having its judgment reversed, with directions for a new trial, could then pass upon the propriety or validity or jurisdiction of the determination in the appellate court, and upon conclusion that the determination in the appellate court was invalid, then proceed finally in conformity with the original judgment which had been presented to the appellate court and there fully reversed.

The county court erred in its judgment dismissing plaintiff's cause. That judgment of dismissal is reversed, and the cause is again remanded to the trial court, with directions to grant the plaintiff a new trial.

BAYLESS, C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.