KEENAN v. CLARK.

No. 33023. Dec. 16, 1947.

*188 P. 2d 219.*

Henry M. Vance and Bruce L. Keenan, pro se, both of Tahlequah, for plaintiff in error.

Miller & Miller, of Tahlequah, for defendant in error.

WELCH, J. This is an appeal by Bruce L. Keenan from an order and judgment allowing compensation to Virgil Clark as receiver.

The record reflects that Virgil Clark was appointed receiver and took possession of certain properties in litigation in case No. 5917 in the district court of Cherokee county, wherein

Bruce L. Keenan was plaintiff, and W. L. Garner and others were defendants, on November 7, 1940; thereafter judgment was entered for the plaintiff and the property was sold to plaintiff, and on July 3, 1941, it was ordered that the property be delivered to the plaintiff and that the receiver make final report of his trust. On September 13, 1945, the receiver filed in the case an instrument styled "Accounting and Report," and thereafter, on December 12, 1945, filed an instrument styled "Report of Receiver," which purports to recite the full history of the lawsuit and of all his doings as receiver in the case and asks for allowance of a fee for himself and for his attorney.

In September, 1946, Bruce L. Keenan filed a pleading styled "Special Appearance for this Motion," wherein he asserted that the trial court was without jurisdiction to hear the "Report of the Receiver" and further challenges the court in the exercise of any jurisdiction affecting the movant in that movant as plaintiff had recovered a money judgment against defendants and pursuant to judgment the property had been sold; that plaintiff was purchaser for an amount less than his judgment .and that more than five years had elapsed and no execution had been issued for the balance and that said judgment had become dormant.

The journal entry of the judgment complained of herein reflects that hearing was held on the final report of Virgil Clark, receiver, on December 5, 1946; that the plaintiff, Keenan, was present and presented his pleading which had been filed in September; that his plea and objection to jurisdiction was overruled, whereupon said plaintiff and his attorney refused to take further part in the proceeding, but sat mute. That the receiver presented his report and presented evidence in support thereof. Findings were made that the receiver had never been allowed or paid any sum for his services; that he had been appointed upon the application of the plaintiff, Keenan;

that upon the sale of the assets involved in the action plaintiff had taken possession of the same and exercised dominion thereof for his own use and benefit.

An order and judgment was entered approving the receiver's report and allowing him a fee for his services and for the services of his attorneys, and ordering that said fee be paid by the plaintiff, Keenan, and that execution issue therefor.

On appeal it is contended that the court was without jurisdiction to allow the receiver compensation and to order any taxation of costs for the reason that cause No. 5917 had become dormant; that any right to a recovery by the receiver, if it existed, would lie in an independent action and if such cause of action ever existed that it had become barred by the statute of limitations.

The statute in reference to when a judgment becomes dormant is cited and also the case of Walton v. Williams, 5 Okla. 642, 49 P. 1022.

In the Walton Case the trial court had dismissed the case after sustaining demurrer to the petition and refusing to permit an amended petition to be filed. The appellate court, after stating this issue, said:

"And we are yet at a loss to understand the theory of the other proceedings in the case."

It appears that after the court dismissed the cause judgment was rendered against the plaintiff for the expenses of running a drugstore, for clerk and for rents, the property having been operated under a receivership. The cause was reversed with instructions to permit the amended petition to be filed and to vacate all orders made in the cause subsequent to the court's refusal to permit the amended petition to be filed. We note this statement in the body of the opinion.

"We have here the anomaly of a party who was not a party to the action

below, made a party defendant here, because a judgment was rendered in his favor for rents under the theory of taxing costs."

We do not consider that the holding in the Walton Case is in conflict with the exercise of the jurisdiction by the trial court in the making of the order herein complained of, or that the statute cited has any application. Although plaintiff's judgment against the defendant may have become dormant, the action was still pending for final disposition of the receivership proceedings. The court's order approving the sale of the property to plaintiff made in 1941 directed the receiver to file a final report. The report was not filed until 1945, but the receiver presented testimony concerning his dealings with the plaintiff in explanation of the delay to the apparent satisfaction of the trial court and by the report and testimony made a showing that he had rendered a valuable service to the estate and to the benefit of the plaintiff. The items shown by his report and his testimony were not disputed.

12 O.S. 1941 §861 provides:

"The judge shall allow to clerks, sheriffs, referees, receivers, and witnesses, such compensation as allowed for like services in other cases, to be taxed as costs in the case, and shall enforce, by order, the collection thereof from such parties as ought to pay the same."

The rule in reference to the assessment of the amount allowed as compensation to receivers is stated in the fourth paragraph of the syllabus in Kawfield Oil Co. v. Illinois Refining Co., 169 Okla. 75, 35 P. 2d 961, as follows:

"The allowance of attorney fees, necessary and reasonable expenses, and reasonable compensation of the receiver should be allowed by the court, and the court may, in its discretion, order such payments to be made from the funds of the estate, or may require them to be divided between parties or may assess such amounts against one or the other of the parties on equitable principles."

The amount of the compensation rests in the sound discretion of the court, as was said in the first paragraph of the syllabus in Brann, Rec., v. Harris et al., 173 Okla. 167, 47 P. 2d 876, as follows:

"The amount of the compensation of receivers and their attorneys rests in the sound discretion of the court in which the proceedings are pending. Unless there has been an abuse of discretion, the amount of such compensation determined by the court will not be disturbed on appeal."

Although the plaintiff prevailed in cause No. 5917, there was abundant evidence to support the trial court's finding that he ought to pay the costs of the receivership and under the evidence the amount of compensation allowed does not appear unreasonable.

The judgment of the trial court on the receiver's report as rendered on December 5, 1945, is affirmed.

HURST, C.J., and BAYLESS, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.